631 So.2d 42 (1994)
Glenda Grace NIXON, Plaintiff-Appellee,
v.
Danny Lynn NIXON, Defendant-Appellant.
No. 25481-CA.
Court of Appeal of Louisiana, Second Circuit.
January 19, 1994.
*43 Paul Garner, Homer, for appellant.
Glenda Grace Nixon, in pro per.
Before SEXTON, NORRIS and STEWART, JJ.
STEWART, Judge.
Danny Nixon appeals the judgment of the trial court setting the amount of his child support obligation. For the following reasons, we amend the trial court judgment.

FACTS
Danny Lynn Nixon and Glenda Grace Nixon were married on April 20, 1973. Two children were born of the marriage, Angela Grace Nixon and Laura Lynn Nixon. Mr. and Mrs. Nixon divorced on April 9, 1990. On July 24, 1992, Mr. Nixon instituted a rule seeking to fix custody and child support.
A hearing was held on October 1, 1993. The trial court rendered a judgment which granted joint custody of both children to Mr. and Mrs. Nixon. Mr. Nixon was designated the domiciliary parent of Angela and Mrs. Nixon was designated the domiciliary parent of Laura. During the three summer months, Mr. Nixon would have custody of both children. The trial court found that the combined monthly income of Mr. and Mrs. Nixon was $4,692. Mr. Nixon's portion of this income was 72.5 percent; and Mrs. Nixon's portion of this income was 27.5 percent. The court found that the child support obligation was $1,111 per month. This amount was composed of $1,028 from the basic child support guidelines plus $83 in monthly insurance payments. The trial court calculated Mr. Nixon's portion of the obligation to be $805.48 and Mrs. Nixon's portion to be $305.52. The trial court in its effort to apportion the child support obligation between the children subtracted Mrs. Nixon's portion of the obligation from Mr. Nixon's obligation. It also subtracted 72.5 percent of the $83 per *44 month that Mr. Nixon paid in health care insurance. This net result was that Mr. Nixon was ordered to pay Mrs. Nixon $439.76 per month for the nine months that the children were separated. The court also ordered Mr. Nixon to maintain in full force and effect an adequate policy of health and hospitalization insurance on both children.
For the three months that Mr. Nixon is the domiciliary custodian of both kids, it ordered Mrs. Nixon to pay $305.52 per month, which is 27.5 percent of the total child support obligation of $1,111. In order to satisfy the net effect of the judgment, the trial court ordered Mr. Nixon to pay the net sum of $253.46 every month.
Mr. Nixon appeals the judgment of the trial court making five assignments of error. In three of the five assignments of error, Mr. Nixon argues that the trial court deviated from the child support guidelines without the required evidentiary basis and articulated reasons. However, the essence of all five of Mr. Nixon's arguments is that the trial court incorrectly calculated the child support under the exceptional circumstance of custody being split between the parents. This legal question is res nova in Louisiana.

DISCUSSION
The Louisiana Child Support Guidelines are supposed to provide children with the same quality of life that they enjoyed while they lived with both parents. See Carroll v. Carroll, 577 So.2d 1140, 1146 (La.App. 1st Cir.1991); Carter v. Carter, 591 So.2d 1313, 1315 (La.App. 2d Cir.1991). The guidelines are presumed to be in the best interest of the child. LSA-R.S. 9:315.1.
Normally, the total number of children a couple has is used to determine the basic child support obligation. LSA-R.S. 9:315.2(D). Any other related expenses such as health insurance premiums or extraordinary medical expenses are added to the basic child support obligation to determine the total child support obligation. LSA-R.S. 9:315.8(A). The party without legal custody owes his or her portion of the total support obligation to the parent with domiciliary custody. LSA-R.S. 9:315.8(D). The total support obligation is supposed to maintain the children at the same quality of life as they enjoyed with both parents. See Carroll, supra.
In the present case, where custody of the two children has been "split" between the parents, it would seem that the easiest method of apportioning the child support between the two households would be to divide the support obligation equally among the children. However, the guidelines schedule of basic support assumes that all of the children will be living together and that some savings of costs will occur because the children are living together. This assumption can be inferred from the basic child support schedule. The amount of support at any given income level for two children is not twice the amount for one child and the amount of support for three children is not three times the amount for one child, etc. See Nations, Louisiana Child Support Guidelines: A Preliminary Analysis, 50 La.L.Rev. 1057, 1078 (1990) (recognizing some unknown policy in the way that the basic child support obligation changes as the number of children increases). Simply dividing up the child support between the children without any other adjustment would be an inadequate method of advancing the policy of the guidelines because it does not account for the expenses involved in maintaining two separate household for the children instead of just one.
We conclude that the best solution in split custody arrangements is that the basic support obligation should be first determined separately for the number of children in the domiciliary custody of each parent. Any other special expenses such as health insurance or extraordinary medical expenses should be added to the basic support obligation to get the total support obligation. The amount of child support each parent owes the other is next calculated by multiplying the owed support obligation by the parent's proportionate share of combined adjusted actual income. In this way the children will receive the presumed level of support recommended by the guidelines for the number of children living in a single household.
We note that at least two other states with child support guidelines similar to our own have adopted a similar method for calculating *45 child support in split custody arrangements. See In re Hansen, 465 N.W.2d 906 (Iowa Ct.App.1990); Tannehill v. Tannehill, 88 Md.App. 4, 591 A.2d 888 (1991).
Applying this methodology to the case sub judice, each parent has domiciliary custody of one child and they have a combined income of $4,692 per month. This yields a monthly support obligation of $661 per child. After adding in the health insurance premiums, each child would be entitled to $702.50 per month. Using the division of the support propounded by the trial court, Mr. Nixon would owe $509.31 per month to Mrs. Nixon. Mrs. Nixon would owe $193.19 per month to Mr. Nixon. After offset, Mr. Nixon would owe Mrs. Nixon $316.13 per month. Under LSA-R.S. 9:315.8(E), Mr. Nixon must be credited for any court ordered direct payments he must make. In this case, the court has ordered Mr. Nixon to maintain in full force and effect an adequate policy of health and hospitalization insurance of $83 per month. After this credit, Mr. Nixon owes Mrs. Nixon $233.13 per month for the nine months during which custody is "split."
The trial court offset Mrs. Nixon's three months of child support payments against Mr. Nixon's nine months of child support payments and then divided the net amount over twelve months. This procedure was performed in order to have a continuous flow of payments by Mr. Nixon to Mrs. Nixon during the year instead of nine months of payments by Mr. Nixon sandwiched around three months of payments by Mrs. Nixon. Finding no objection of record to this procedure, we similarly follow the trial court's methodology. Mr. Nixon's annual obligation to Mrs. Nixon is $2098.17 ($233.12 per month for nine months). Mr. Nixon's annual obligation to Mrs. Nixon is $916.56 ($305.52 per month for three months). After offset, Mr. Nixon would owe Mrs. Nixon $1181.61 per year. Mr. Nixon's child support obligation apportioned over twelve months would thus be $98.47 per month.

CONCLUSION
Because the trial court erred in calculating the child support obligation of Mr. Nixon, we amend the judgment of the trial court. We order Mr. Nixon to pay $98.47 per month to Mrs. Nixon.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.