646 So.2d 478 (1994)
Ernie Paul BROUSSARD, II
v.
Toni Christine Barcelona BROUSSARD, Wife of Ernie Paul Broussard, II.
No. 94-CA-0573.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1994.
Glenn E. Diaz, Chalmette, for appellee.
Nunzio S. Cusimano, Chalmette, for appellant.
*479 Before CIACCIO, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
This appeal arises from a judgment granting the parties joint custody of their two minor children and designating the mother, Toni Broussard, as the primary custodial parent. The father, Ernie Paul Broussard, II, appeals.

FACTS AND PROCEDURAL HISTORY:
On November 30, 1993, plaintiff-appellant, Ernie Paul Broussard, II filed a Petition for Divorce. Mr. Broussard requested that the parties be awarded joint custody of the minor children, Aylie Christine Broussard, age 15 and Jeffery Michael Broussard, age 11 and that Mr. Broussard be designated as the domiciliary parent.
On December 15, 1993, defendant-appellee, Toni Broussard, answered the Petition seeking sole custody of the minor children subject to reasonable visitation. In addition, Mrs. Broussard filed a rule to show cause why Mr. Broussard should not be condemned to pay child support and alimony pendente lite. All motions and rules were set for hearing on January 7, 1994.
On December 30, 1993, Mr. Broussard filed a Motion for Evaluation by Mental Health Professional. An order appointing a mental health professional, Michael R. McNeil, was subsequently signed by the Court on January 4, 1994.
On January 7, 1994, a hearing was held on all Motions and Rules. At that time, the court rescinded its order appointing the mental health professional to evaluate Mr. & Mrs. Broussard and the minor children.
On February 4, 1994, the Court rendered judgment granting Mr. & Mrs. Broussard the joint custody of the minor children and designating Mrs. Broussard as the primary custodial parent. Mr. Broussard was granted visitation consisting of alternating weekends beginning on Friday from 6:00 p.m. and ending Sunday at 10:00 p.m. and alternate Fridays from 6:00 p.m. to 10:00 p.m. In addition, Mr. Broussard was ordered to pay a total of $1,134.00 per month in child support and $300.00 per month in Alimony Pendente Lite.
Mr. Broussard appeals the trial court judgment asserting the following assignments of error:
1) The trial court erred by failing to apply Acts 1993, No. 905, amending Louisiana Revised Statute 9:335(A)(2)(b) in deciding the custody decree.
2) The trial court erred in refusing to hear testimony of the parties, particularly Mrs. Broussard, regarding what plan of physical custody would be in the best interest of the minor children.
Because we find merit in appellant's first argument, we reverse and remand for reconsideration by the trial court in accordance with the views expressed in this opinion.[1]
Prior to the 1993 legislative session, Louisiana Civil Code Article 131(D) provided:
D. For purposes of this Article, "joint custody" shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2). Joint custody shall also mean that the parents shall enjoy the natural cotutorship of such children in accordance with Article 250, subject to the plan of implementation effected pursuant to Paragraph A of this Article. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. An award of joint custody obligates the parties to exchange information concerning the health, education, and welfare of the minor child; and, unless allocated, apportioned, or decreed, the parents or parties shall confer with one another in the exercise of decision-making rights, responsibilities, and authority.
*480 By Acts 1993, No. 261, Section 1,[2] effective January 1, 1994, Article 131 was amended and reenacted to read as follows:
In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child.
Section 5 of Act 261, also effective January 1, 1994, enacted Louisiana Revised Statute 9:335 to amend and reenact Civil Code Article 131(A)(1) and (D). Section 5 reads in pertinent part:
Joint custody decree and implementation order
A(1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
All of the provisions of Act 261 were to be effective January 1, 1994. However, the 1993 legislature also enacted Act 905, which by its preamble, declared that it was amending and reenacting Civil Code Article 131(D). Section 1 of Act 905 provided:
D. For purposes of this Article, "joint custody" shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. To the extent it is feasible, physical custody of the children shall be shared equally. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2). Joint custody shall also mean that the parents shall enjoy the natural cotutorship of such children in accordance with Article 250, subject to the plan of implementation effected pursuant to Paragraph A of this Article. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. An award of joint custody obligates the parties to exchange information concerning the health, education, and welfare of the minor child; and, unless allocated, apportioned, or decreed, the parents or parties shall confer with one another in the exercise of decision-making rights, responsibilities, and authority. (emphasis added)
Act 905 became effective August 15, 1993, and changed paragraph D of Civil Code Article 131 by adding the sentence, "To the extent it is feasible, physical custody of the children shall be shared equally."
Pursuant to the powers conferred upon it by Louisiana Revised Statute 24:201 et seq., the Louisiana Law Institute designated the language of Louisiana Revised Statute 9:335(A)(2), (enacted by Section 5 of Act 261) as Section 335(A)(2)(a) and added the sentence, ("To the extent it is feasible, physical custody of the children shall be shared equally,") from Act 905, Section 1 and designated that sentence as Section 335(A)(2)(b) to the newly enacted Louisiana Revised Statute 9:335. That statute entitled "Joint custody decree and implementation order," currently provides, in part:
A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.
(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible, physical custody of the children shall be shared equally.
Appellant argues that because Act 905 provided for no effective date, it became effective August 15, 1993.[3] Because his suit was filed in November of 1993, the trial *481 judge was obligated to consider the "equal physical custody to the extent feasible" mandate of Act 905. We agree.
Act 261 is a complete revision and reenactment of the child custody articles of the Civil Code. Section 8 of that act provides for an effective date of January 1, 1994. Specifically, section 8 requires all actions filed prior to January 1, 1994 to be governed by the law in effect at that time. However, when Act 905 was adopted by the same 1993 legislature, it did not provide for the January 1, 1994 effective date. Thus, even though it can be argued that Act 905 was technically an amendment to Act 261, it appears the legislature intended the "equal sharing where feasible" language to be effective immediately. If they had intended a January 1, 1994 effective date, they could have said so in the Act.
Since Mr. Broussard's suit was filed in November of 1993, we conclude it was error for the trial court to disregard the clear legislative mandate to consider equal sharing. The record is clear that the court was aware of the amendment but stated "I don't agree with the law."
In addition, we also note that the court failed to provide a reasonable schedule for holiday and summer vacation visitation and/or custody. To prevent relitigation of these matters and in the interest of judicial economy, these issues should also be resolved on remand.
We are impressed with the Court's recognition that both parties are caring and devoted parents. In its deliberations on remand, the trial court need not receive additional evidence unless it deems such evidence necessary.
Accordingly we reverse the joint custody decree and remand for reconsideration in accordance with the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] Because we are remanding for reconsideration by the trial court, we pretermit discussion of appellant's second assignment of error. That issue may be raised at a later date should appellant deem it necessary to appeal after the trial court's reconsideration.
[2] "Title of Act:

An act to amend and reenact Section 3 of Chapter 2 of Title V of Book I of the Civil Code, heretofore comprised of Articles 131 through 158 ..."
[3] Article 3, Section 19 of the Louisiana Legislature provides that all laws enacted during the regular session shall become effective on August 15th.