672 So.2d 1016 (1996)
Ernie Paul BROUSSARD, II,
v.
Toni Christine Barcelona BROUSSARD, Wife of Ernie Paul Broussard, II.
No. 95-CA-1996.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 1996.
Keith R.J. Comeaux, New Iberia, for Plaintiff/Appellant.
Before CIACCIO, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
This case is one of many disputes between Ernie and Toni Broussard over child support payments. The current dispute involves the amount of child support and school costs appellant has been ordered to pay his former wife. We amend and affirm as amended.

FACTS
Ernie and Toni Broussard were married on August 12, 1972, and subsequently had four children, two of whom are the minors Aylie Christine Broussard and Jeffery Michael Broussard. On November 30, 1993, Mr. Broussard filed a petition for divorce and requested that the parents share custody of *1017 the children but that he be designated as the domiciliary parent. Mrs. Broussard responded to the petition by requesting sole custody of the children. She also filed a rule to show cause as to why Mr. Broussard should not be required to pay child support.
On February 4, 1994, the trial court granted the parents joint custody and designated Mrs. Broussard as the primary custodial parent. Also, Mr. Broussard was ordered to pay $1,134.00 per month in child support which included $434.00 per month for their parochial school expenses. He appealed the custodial arrangement. This Court reversed and remanded the case to the trial court to reconsider the custody arrangement of the children in accordance with La.Civ.Code Ann. art. 131(D) (West 1993).[1]
In response to the appellate court order, on December 19, 1994, the lower court ordered both parties to submit suggested joint custody plans. Mr. Broussard submitted a plan in which he would be the primary custodial parent of Aylie and Mrs. Broussard would be the primary custodial parent of Jeffery. Mr. Broussard also sought a reduction of child support if awarded custody of one of the children. Mrs. Broussard did not submit a plan.
Prior to the trial court hearing on the issue of custody, Mr. Broussard moved to Esterwood, Louisiana. Shortly after Christmas of 1994, Aylie withdrew from Mount Carmel School in New Orleans and began to reside with her father. She enrolled in Notre Dame High School, a parochial school in Crowley, and Mr. Broussard began paying her tuition. In January 1995 Jeffery was removed from parochial school by Mrs. Broussard without the approval of Mr. Broussard. She enrolled him in a public middle school to complete the seventh grade. The following school year, Mrs. Broussard enrolled Jeffery in Brother Martin High School where she intends to keep him for the remainder of high school.
On March 23, 1995, Mrs. Broussard filed a rule for contempt claiming Mr. Broussard was in arrears in the amount of $350.00 and requested that Mr. Broussard pay all school costs for Jeffery from the date he entered Brother Martin High School. On April 30, 1995, the trial court awarded custody of Aylie to Mr. Broussard and reduced his child support to $400.00 per month plus one half of school tuition for Jeffery. The trial court granted each parent visitation during the summer months of the child not in his or her custody. The judgment also granted visitation during school holiday periods, alternating at each parent's home so siblings could spend holidays together. Mrs. Broussard's rule for contempt was denied.
Mr. Broussard moved for a new trial which was denied. Mrs. Broussard requested an amendment to the trial court's judgment so that she be allowed two uninterrupted weeks each summer with her son. She also requested that the $400.00 child support be made retroactive to the date of the filing of the rule on March 23, 1995. Her motion was granted ex parte on June 5, 1994.
On June 27, 1995, Mrs. Broussard filed a rule for contempt alleging that Mr. Broussard had not paid child support in accordance with the trial court's order and was $1,200.00 in arrears. Mr. Broussard then filed a motion to vacate the ex parte judgment of June 5, 1994, claiming it was illegal. Both Mr. and Mrs. Broussard's motions were heard on July 28, 1995. The trial court dismissed both parties' claims.[2]
Mr. Broussard argues that the trial court erred in setting support payments for Jeffery at $400.00 monthly and ordering him to pay one-half of Jeffery's parochial school tuition.

DISCUSSION

Child Support
Mr. Broussard first argues that because each child lives with one of the parents, the trial judge should have applied the reasoning *1018 of Nixon v. Nixon, 25481 (La.App.2d Cir. 1/19/94), 631 So.2d 42 when setting the amount of child support. Nixon held that
"[T]he best solution in split custody arrangements is that the basic support obligation should first be determined separately for the number of children in the domiciliary custody of each parent. Any other special expenses such as health insurance or extraordinary medical expenses should be added to the basic support obligation to get the total support obligation. The amount of child support each parent owes the other is next calculated by multiplying the owed support obligation by the parent's proportionate share of combined adjusted income." Id. at 44.
We find this method of determining child support an equitable solution when each parent is custodial.
The Broussard's have a $6276.00 combined monthly income of which Mr. Broussard earns 65.12% and Mrs. Broussard earns 34.87%. Applying La.Rev.Stat.Ann. 9:315.14 (West Supp.1995), the basic child support obligation is $821.00 per child. Accordingly, Mr. Broussard is responsible for $535.00 monthly support for each child and Mrs. Broussard is responsible for $286.00 for each child. Because one child resides with each parent the payments are offset ($535.00 less $286.00) and Mr. Broussard owes Mrs. Broussard child monthly support payments of $249.00. This reduction of child support payments from $400.00 to $249.00 is retroactive to February 23, 1995, the date of judicial demand[3].
Mr. Broussard additionally requested that he be credited for health insurance payments which he alleges to be $96.75 per child per month. However, the trial court record does not include verification of the payments and the issue was never raised at trial. Accordingly, we cannot address the issue at this time.
Once Aylie turns nineteen years of age, Mr. Broussard will no longer be entitled to child support for her.[4] At that time, Mr. Broussard's payments to Mrs. Broussard should increase, according to the formula, to $535.00 which is 65% of the total child support for Jeffery while he is in the custody of Mrs. Broussard, enrolled in school, and under the age of nineteen.

Tuition
Mr. Broussard argues that he should not be required to pay half of the tuition for Jeffery's parochial education at Brother Martin High School because Mrs. Broussard voluntarily withdrew him from the parochial educational setting and placed him in a public school for one semester. However, Mrs. Broussard has enrolled Jeffery in Brother Martin High School and requested that Mr. Broussard pay all costs. This court agrees with the lower court that it is in Jeffery's best interest that he attend Brother Martin High School in the fall. His family has a tradition of parochial education and Jeffery has attended a parochial school his entire educational life with the exception of one semester. Furthermore, Aylie, who is in the custody of Mr. Broussard, attends a parochial school. The lower court's award that one half of Jeffery's tuition is to be paid by Mr. Broussard will not be disturbed. Because Mr. Broussard did not raise the issue of reimbursement for Aylie's tuition at the trial level, that issue will not be addressed.
The trial court's judgment that Mr. Broussard pay one half of Jeffery's tuition to attend Brother Martin from the date of his enrollment is affirmed. The trial court's judgment as to child support is amended to reflect that Mr. Broussard's payment to Mrs. Broussard is reduced from $400.00 to $249.00 per month retroactive to February 23, 1995, and until Aylie turns nineteen years of age.
AFFIRMED AS AMENDED.
NOTES
[1] See Ernie Paul Broussard, II v. Toni Christine Barcelona Broussard, 94-0573 (La.App. 4th Cir. 11/30/94), 646 So.2d 478, for the applicable provision of La.Rev.Stat.Ann. 9:335 (West Supp. 1995).
[2] At the time of the hearing, Mr. Broussard was current with his support payments.
[3] La.Rev.Stat.Ann. 9:315.21(A) (West Supp.1995) states in pertinent part: "Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand."
[4] "An award of child support continues with respect to any unmarried child who attains the age of majority ... as long as the child is a full-time student in good standing in a secondary school, has not attained the age of nineteen, and is dependent upon either parent." La.Rev.Stat. Ann. 9:315.22(C) (West Supp.1995).