11 CARAWAY, J.
In this split custody case, where each parent was designated domiciliary parent for separate children, a 1994 ruling concerning the parents’ support obligations for the ■ children made calculations pursuant to this court’s ruling in Nixon v. Nixon, 25,481 (La.App.2d Cir.1/19/94), 631 So.2d 42, and offset the parents’ obli *622 gations. The actual 1994 judgment for support, however, addressed only the support obligation of the father, listing his monthly support at the lower amount reflecting the offset. Following one child’s obtaining the age of majority and the end of the mother’s obligation of support, the mother moved for accrued past due child support. The trial court refused to award past due child support, and we now affirm the ruling.

Facts

Following the divorce of Paul James Grimm (“Paul”) and Rita Lynn Via Grimm (“Rita”) in early 1994, Rita was designated domiciliary parent for both minor children, Jason and Christopher, and received $1,716.62 per month in child support. Later in 1994, after Jason moved in with his father, Paul sought modification of the child support order. Judgment in Paul’s favor was rendered on November 29, 1994, and provides:
It is further ordered, adjudged and decreed that there be judgment herein ordering Paul James Grimm to pay unto Rita Lynn Via Grimm the sum of nine hundred fifteen and 76/ioo ($915.75) dollars for the care and support of the minor child, Christopher Paul Grimm (sic), payable on the first day of each month beginning December 1, 1994, with Paul James Grimm to receive a credit for any amounts of child support paid retroactive to October 11, 1994, the filing date of the Petition for Class III Rule Nisi to Modify Joint Custody Implementation Plan and for child support.
This judgment only addresses Paul’s obligation of support for Christopher. Nevertheless, there is included in the record a document entitled “Recapitulation of Reciprocal Child Support Obligation,” which reveals that, in this split custody | arrangement, each parent’s support obligation was calculated in accordance with Nixon v. Nixon, supra., and an offset was applied. Specifically, the recapitulation provides that Paul owed $1,086.69 per month to Rita for the support of Christopher, and Rita owed $170.94 per month to Paul for Jason’s support. Thus, the trial court determined in 1994 that after offset, Paul owed $915.75 per month to Rita.
Rita filed the instant rule to accrue past ' due child support in March 1999, alleging that Jason had turned eighteen years old in November 1995 and graduated from high school in June 1996. Therefore, Rita’s support obligation in the amount of $170.94 per month should have ceased on June 1, 1996. Rita asserts that despite this fact, Paul continued to subtract the $170.94 from the amount of child support he paid her for the care and support of Christopher. Christopher continued to require support until his eighteenth birthday on January 11,1999.
Following argument on Rita’s motion, the trial court ruled that the November 29, 1994 judgment specifically set the amount of support due from Paul to Rita at $915.75 per month. Furthermore, the trial court determined that if Rita believed that she was entitled to the additional amount of $170.94 per month when Jason reached the age of majority, she should have returned to court and sought a modification of the November 29, 1994 judgment. Because Paul had paid $915.75 per month until Christopher reached the age of majority, Rita’s rule for past due child support was denied.

Discussion

Child support awards are always subject to increase or modification if the needs of the child and/or the ability of the parent to pay justifies the modification. Culpepper v. Culpepper, 514 So.2d 701 (La.App. 2d Cir.1987). However, a modification of a support obligation or a discharge from the obligation to pay may |3be granted only from and after the time when it is sought by judicial demand. Hogan v. Hogan, 549 So.2d 267 (La.1989); La. R.S. 9:315.21(C).
Every final judgment must be signed by the judge and must be identified by appropriate language in a document *623 separate from an opinion or reasons for judgment. La. C.C.P. arts.1911 and 1918. The trial court’s written judgment is controlling, even if the trial judge may have intended otherwise. Stoffer v. Stoffer, 29,-458 (La.App.2d Cir.5/07/97), 693 So.2d 1229. A final judgment may be amended by the trial court at any time to alter the phraseology of the judgment, but not the substance. La. C.C.P. art.1951.
Rita’s position is that Paul should have begun paying her the total sum of $1,086.69 per month — the total of $915.75 plus $170.94 — after Jason reached eighteen and graduated from high school, because her support obligation for Jason ended. She cites La. R.S. 9:315.22(A) which provides:
When there is a child support award in a specific amount per child, the award for each child shall terminate automatically without any action by the obligor upon each child’s attaining the age of majority, ...
Nevertheless, the November 29, 1994 final judgment only provided for Paul’s child support obligation in the amount of $915.75 for Christopher. The judgment is silent as to Rita’s $170.94 per month support obligation upon which the “automatic” provision of La. R.S. 9:315.22(A) would operate. Despite the lack of harmony between the trial court’s reasons for the 1994 judgment and the judgment itself, the written judgment is controlling. Stojfer, supra. The trial court was correct in ruling that a party cannot be ordered to retroactively pay increased child support based on the parties’ assumptions, rather than what was affirmatively stated in the final judgment.
Finding that a similar attempt to modify a support judgment would be an impermissible amendment to the substance of a final judgment, the Louisiana |4Supreme Court made the following observation in Hebert v. Hebert, 351 So.2d 1199, 1200 (La.1977):
A written judgment may be revised before it is signed thus eliminating many possibilities of error or misunderstanding. In the event a substantive error nevertheless creeps into the written judgment, the aggrieved party has recourse to a timely application for new trial or a timely appeal. Moreover, the notion that the substance of the judge’s oral remarks should govern instead of the substance of the written judgment could not have been the legislative intent because it would destroy the integrity of written judgments as evidence and public record of the court’s decree.
As in Hebert, the written judgment governs this case. Thus, because of the deficiency in the 1994 judgment which did not specifically address both parties’ support obligations, Rita was required to seek modification of the judgment in 1996, when her underlying support obligation for Jason ended.

Conclusion

For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant, Rita Lynn Via Grimm.
AFFIRMED.