LPETERS, j.
Stephanie Lane Allain Berry appeals, seeking an increase in the trial court’s award of $352.00 per month child support. She asserts that the trial court erred in its determination by not correctly calculating the gross income of the parties and by not properly considering the fact that the parties equally shared the custody of one of the children at issue. For the following reasons, we affirm the trial court’s judgment in all respects.
The record reflects that Stephanie Lane Allain Berry and Teddy L. Berry III were married on November 16, 1991, and divorced on May 4, 1999. Two children were born of the marriage, namely Emily Nichole and Airón.[1] On May 4, 1999, the *319 trial court rendered a judgment separate from the divorce decree wherein it awarded joint custody of the children to their parents as follows:
[T]he parties shall share the joint custody of the minor children, Emily Berry and Airón Berry. Teddy Berry shall be designated the primary custodian of Emily and Stephanie shall be designated the primary custodian of Airón. The parties shall alternate the physical custody of Emily so that it will be shared equally by the parties as follows: The parties shall share custody by alternating every other weekend. The party not having the weekend visitation shall have custody on the following Monday and Tuesday. The custody for Wednesday and Thursday of the week shall belong to the party having the preceding weekend custody. Teddy Berry shall be allowed reasonable visitation with the minor child Airón to be coordinated and encouraged by the parties. In addition, the parties shall divide and alternate the major holidays of Easter, Thanksgiving and Christmas.
As to child support, the trial court ordered that, prior to May 7, 1999, the parties “exchange all financial information previously requested herein and that [they] submit to the court a worksheet and any necessary memorandum concerning child support.” Neither party met this court-imposed deadline.
| ^Instead, the trial court did not address the child support issue until September 10, 1999, when the parties entered into a stipulation in open court concerning the gross income of the parties. The stipulation was as follows:
[A]s of today, we would agree that Mrs. Berry makes $1,213.00 monthly, gross monthly, from her employment at Kite Brothers in DeRidder; that Mr. Berry has received checks in the amount of $2,000.00 per month from Berry Bonding, Inc. And he also gets a truck allowance or truck note paid on his behalf which the Court — and we have agreed is imputed to him of $555.00 a month for a total gross monthly for Mr. Berry of $2,555.00 or a total gross monthly for the two parties of $3,768.00.
The parties indicated they would submit memoranda to the trial court on the support issue, and the trial court took the matter under advisement.
Each party presented the trial court with a memorandum which was made a part of the record. In her memorandum, Mrs. Berry referred, not to the September 10 stipulation, but to a 1997 tax return not in evidence to assert that the award should be based on her annual wages of a prior employment ($13,301.00) and Mr. Berry’s income of $26,500.00,[2] together with unspecified “expenses” paid to Mr. Berry by Berry Bonding, Inc. In his memorandum, Mr. Berry does not mention the amounts asserted by Mrs. Berry, nor the September 10 stipulation, but simply argues the appropriate amount should be between $350.00 and $377.00.
Using the income numbers suggested in Mrs. Berry’s memorandum for Mr. Berry’s income, and not the stipulated amounts, the trial court issued written reasons for judgment on November 3, 1999, and, in doing so, stated the following:
The sole issue for the court to determine in this case is the amount of child support. Counsel for plaintiff has acceded to the accuracy of the statement of pertinent facts in defendant’s brief. I therefore find that RMr. Berry’s active income is the amount of $18,650.00 per year from Berry Bonding and the amount of $7,263.00 per year passive income from Berry Bonding, $587.00 per *320 year from the Vernon Parish School Board for a total annual income of $26,500.00 resulting in a per monthly income of $2,208.00. There is also a monthly car note provided by Berry Bonding in the amount of $550.00 for a total monthly active and passive income in the amount of $2,758.00.
Defendant’s income is $1,213.00 per month for a total combined income of $3,971.00. The child support guidelines fixes the amount for two children for this income at $901.00 per month. Mr. Berry provides 69.5% of the combined income and Mrs. Berry provides 30.5% of the income.
Each party is the primary domiciliary parent of one child. Therefore, each should bear their proportionate costs respectively with Mr. Berry paying to Mrs. Berry the difference between these obligations as fixed by the child support guidelines.
901 x.695 = $626.19
901 x .305 = $274.80
$351.39
It is therefore ordered that Mr. Berry pay to Mrs. Berry $352.00 per month as child support.
The trial court signed a judgment to this effect on February 25, 2000, and Mrs. Berry timely filed this appeal.
Mrs. Berry combines two issues in her one assignment of error. First she asserts that the trial court erred in calculating the gross income of the parties. We agree, but decline to adjust for this error as it was in Mrs. Berry’s favor, and Mr. Berry has not complained of the error. The parties stipulated at the September 10 hearing that Mr. Berry’s monthly gross income was $2,555.00, yet the trial court used the sum of $2,758.00 as suggested by Mrs. Berry’s memorandum in making its calculations. Thus, Mr. Berry had the benefit of an extra $203.00 per month income attributed to him.
In her second argument, Mrs. Berry asserts that the trial court’s calculations were in error because they failed to take into account the fact that, while each par-entjjis a primary custodian of one of the children, they actually share Emily Nichole’s physical custody equally. Thus, she bears the full expense of maintaining Airón and one-half the expense of maintaining Emily Nichole.
In rendering its judgment, the trial court first used the amount found in La. R.S. 9:315.14 under the column calculated for two children and determined that to be $901.00 per month.[3] Only after concluding that this amount represented the appropriate total monthly child support obligation did it recognize that each parent was a domiciliary custodial parent for one of the two children. The trial court then divided the $901.00 support obligation between the two parents based on the percentage each parents’ gross income was to the total gross income. This approach resulted in a equalizing payment to Mrs. Berry of $351.39. In its reasons for judgment, the trial court did not mention consideration of the special circumstance concerning Emily Nichole’s shared physical custody.
In support of her argument that the trial court erred in computing Mr. Berry’s support obligation, Mrs. Berry directs us to Nixon v. Nixon, 25,481 (La.App. 2 Cir. 1/19/94); 631 So.2d 42. The facts in Nixon are similar to those before us in that each parent was named domiciliary parent of one child. It differs only that, in Nixon, the father had full physical custody of both children during the summer. The trial court determined the combined monthly income of both parents, calculated the monthly child support obligation from the entry in La.R.S. 9:315.14 relating to two children, and then calculated each parent’s *321 obligation based on their percentage of the combined total monthly income. The trial court then determined that the father was ^responsible for a monthly equalizing payment to the mother for the nine months the children were separated and that the mother was responsible for a similar equalizing payment to the father during the three months the father had both children. The trial court then offset the two equalizing payments, divided the net total by twelve and ordered the father to pay the monthly amount during each month of the year.
Mr. Nixon appealed, asserting, among other arguments, “that the trial court incorrectly calculated the child support under the exceptional circumstance of custody being split between the parents.” Id. at 44.
The Second Circuit found the trial court’s calculations to be in error and amended its judgment. In doing so, it recognized that “[t]he Louisiana Child Support Guidelines are supposed to provide children with the same quality of life that they enjoyed while they lived with both parents.” Id. Additionally, “the guidelines schedule of basic support assumes that all of the children will be living together and that some savings of costs will occur because the children are living together.” Id. In a split custody situation, “[sjimply dividing up the child support between the children without any other adjustment would be an inadequate method of advancing the policy of the guidelines because it does not account for the expenses involved in maintaining two separate household [sic] for the children instead of just one.” Id.
The Second Circuit concluded that:
[T]he best solution in split custody arrangements is that the basic support obligation should be first determined separately for the number of children in the domiciliary custody of each parent. Any other special expenses such as health insurance or extraordinary medical expenses should be added to the basic support obligation to get the total support obligation. The amount of child support each parent owes the other is next calculated by multiplying the owed support obligation by the parent’s proportionate share of combined adjusted actual income. In this way the children will receive the presumed level of support recommended by the guidelines for the number of children living in a | fiSingle household.

Id.

The three months in which Mr. Nixon had full custody of both children was offset against the nine months in which Mrs. Nixon had sole custody of only one child. This calculation was made on an annual basis and then divided by twelve in order for each household to have a steady flow of income, and resulted in relief to the father, not the mother.
Applying this analysis to the matter before us would also benefit the father, not the mother. With each parent having domiciliary custody of one child and a combined income of $3,971.00, the monthly support obligation for each child evaluated individually would be $581.00, and not $901.00 as found by the trial court in the table for two children. Using $581.00, Mr. Berry would be obligated to provide $403.80 for one child ($581.00 x 0.695) and Mrs. Berry would be obligated to provide the remainder, or $177.20 ($581.00 - $403.80). Considering only Emily Nichole, and not taking into consideration the equal sharing aspects of the custody arrangement, Mrs. Berry would be obligated to pay unto Mr. Berry the sum of $177.20 per month. Considering only Airón, Mr. Berry would be obligated to pay unto Mrs. Berry the sum of $403.80 per month. Offsetting these two amounts, Mr. Berry would owe Mrs. Berry $226.60 per month for six months of the year, or during the time the custody is split. Thus, for six months of the year, Mr. Berry’s total obligation would be $1,359.60 ($226.60 x 6). For the remaining six months, his obli *322 gation would be as calculated using the Guidelines’ amount for two children living in the same household, or $905.00.[4] This would result in an equalizing 17payment to Mrs. Berry of $352.95 per month [ ($905.00 x 0.695) - ($905.00 x 0.305) ]. Thus, for the remaining six months of the year, Mr. Berry’s total obligation would be $2,117.70 ($352.95 x 6). The total equalizing payment due Mrs. Berry under this method of calculation would be $3,477.30 ($1,359.60 + $2,117.70). Calculated over a monthly basis, Mr. Berry would be required to pay Mrs. Berry only $289.78 per month instead of $352.00 as required by the trial court judgment.
The method used in Nixon attempts to take into consideration the expenses incurred from the parents’ maintenance of two separate households. As seen herein, reliance on such a method of calculation would not be to the benefit of Mrs. Berry, and her reliance on that case is not well-founded. She also directs our attention to another Second Circuit case, State in Interest of Travers v. Travers, 28,022 (La.App. 2 Cir. 12/6/95); 665 So.2d 625, which cites Nixon with favor. However, we do not find Travers helpful to our analysis because it is fact-specific, and we have nothing more than the stipulation of September 10,1999, to consider.
We further note that the supreme court recently addressed the obligation of one seeking a deviation from the Guidelines based on the amount of time spent with a child in Guillot v. Munn, 99-2132, p. 1 (La.3/24/00); 756 So.2d 290, 292 and concluded:
[A]n automatic deviation is not allowed. Rather, the party urging a reduction in the child support obligation based on the amount of time spent with the child must bear the burden of proving that he or she exercises shared custody or extraordinary visitation with the child, that the extra time spent with the nondomi-chiary parent results in a greater financial burden on that parent and in a concomitant lesser financial burden on the domiciliary parent, and, finally, that the application of the guidelines would not be in the best interest of the child or would be inequitable to the parties.
|sWe conclude that the same burden rests on one requesting an increase in the child support obligation based on the amount of time shared between the parents. As in Guillot, the record of this case is devoid of any information relating to these issues, despite Mrs. Berry’s opportunity to provide such information.
Considering the record as a whole, we find no error in the trial court’s ultimate award, the correction of which would not benefit Mrs. Berry. Therefore, we reject her assignment of error.
DISPOSITION
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs of this appeal are taxed against Stephanie Lane Allain Berry.
AFFIRMED.

. The record does not contain the birth dates of the children. The original divorce petition filed on September 14, 1998, asserts that, at that time, Emily Nichole was five years old, *319 and Airón was ten.

. Ms. Berry asserts that the total includes $18,650.00 in wages from Berry Bonding, Inc., $7,263.00 in passive income from Berry Bonding, Inc., and $587.00 from the Vernon Parish School Board.

. In doing so, the trial court did not extrapolate between the support amount for a combined adjusted monthly gross income of $3,950.00 and $4,000.00, but simply used the listed amount for $3,950.00. Neither party had complained about this failure to extrapolate and we will accept the trial court's calculation.

. We choose to extrapolate between $901.00 for a combined monthly income of $3,950.00 to $4,000.00.