696 So.2d 685 (1997)
Joan Bergeron VALURE
v.
Louis Peter VALURE, III.
No. 96 CA 1684.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*686 Joan Bergeron Valure (Harlow), Houma, in proper person.
Jerri G. Smitko, Houma, for Defendant/Appellant Louis Peter Valure, III.
Before CARTER, LeBLANC and PARRO, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment in an action for divorce and incidental matters.

FACTS
On January 5, 1980, Joan Bergeron Valure and Louis Peter Valure, III, were married. Subsequently, two children were born of the marriage, namely Leslie and Kellie Valure. On May 15, 1995, Joan and Louis began living separate and apart, and, on November 15, 1995, Joan filed a petition for divorce. Louis answered the petition and filed a reconventional demand, also seeking a divorce.
On January 26, 1996, trial on the merits was held. The trial court rendered judgment, granting the Valures a final divorce. The judgment ordered that the Valures have joint custody of their two minor children; that Louis pay monthly child support in the amount of $1,065.00; that Louis maintain the children on the policy of health and hospitalization and dental insurance available through his employer and pay eighty-five percent of the children's non-covered medical and dental expenses; that Louis pay eightyfive *687 percent of the children's private school tuition (and Joan pay fifteen percent of the tuition); that Louis and Joan each pay fifty percent of the costs relating to their children's dancing lessons; and that Louis was allowed to take the federal and state income tax deduction and exemption for the children. On March 11, 1996, Louis filed a motion for new trial, which was denied by the trial court.
Louis appealed from the judgment, assigning the following specifications of error:
1. The [t]rial [c]ourt erred in making an additional award for private school tuition where Joan Bergeron Valure failed to show that the children's attending Catholic [s]chool met their particular educational needs.
2. The [t]rial [c]ourt erred in making the additional award for the children's dancing expenses.
Joan answered the appeal, contending that she is aggrieved by the following:
1. the trial court's failure to include the cost of the children's health insurance in the basic child support obligation, but allowing Louis a one hundred percent credit for the payment of same; and
2. the trial court's allowing Louis to take the federal and state income tax exemption for the two children.

EXTRAORDINARY EXPENSES

A. Private School Expenses

Louis contends that the trial court erred in ordering him to pay eighty-five percent of the tuition for the children's attendance at private school, absent a showing that "the particular educational needs" of the children require that they attend private school.
LSA-R.S. 9:315.6 addresses certain extraordinary expenses which may be added to the basic child support obligation and provides, in pertinent part, as follows:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
In the absence of an agreement by the parties, in order to warrant the inclusion of private school tuition expenses in a child support award, some evidence must be presented to show a particular educational need of the child which is met by attendance at a private school. Bertrand v. Bertrand, 637 So.2d 531, 534 (La.App. 1st Cir.1993); Guillory v. Ventre, 610 So.2d 1056, 1060 (La.App. 3rd Cir.1992), writ denied, 613 So.2d 992 (La.1993). A trial court's decision to add these expenses to the basic child support obligation will not be disturbed, unless it is an abuse of the trial court's discretion. See Bertrand v. Bertrand, 637 So.2d at 534.
In the instant case, the following evidence was presented regarding the Valure children's attendance at private schools. At the time of trial, Leslie Valure was thirteen years old, and Kellie Valure was seven years old. Louis indicated that he never objected to the girls' private school attendance and continued paying the tuition after he and Joan separated. However, Louis testified that it was Joan's (and her parents') idea to send the girls to private school. According to Louis, he objects to adding the tuition expenses to the basic child support obligation because that support obligation is sufficient to pay for those expenses. Joan testified that she and Louis together decided to send the girls to private school and that Louis always paid the tuition, even after they separated.
After hearing the testimony, the trial court found that this case presented "extraordinary circumstance[s]," noting that the children had always attended private school and that their attendance was with their father's consent. The court stated that, because the children were undergoing a "great deal of emotional distress" due to the divorce, they needed stability in their lives. The court reasoned that, if the children were required to change schools and leave their friends, it would disrupt their lives and cause them more emotional distress. The court then determined that the private school expenses should be added to the basic child support obligation.
*688 After thoroughly reviewing the entire record in this matter, we conclude that the trial court did not abuse its discretion in adding the private school expenses to the basic child support obligation. A particular educational need of a child to remain in private school includes consideration of the child's history of attending a private school and whether a continuation of the child's education in that setting is in the child's best interest. Campbell v. Campbell, 95-1711, p. 11 (La.App. 1st Cir. 10/10/96); 682 So.2d 312, 320; Buchert v. Buchert, 93-1819, p. 12 (La. App. 1st Cir. 8/26/94); 642 So.2d 300, 307. A child's successful continuation of his or her education in a proven academic environment is generally found to be in his or her best interest. Campbell v. Campbell, 682 So.2d at 320. Therefore, we affirm the trial court's award of private school expenses.

B. Dancing Expenses

Louis contends that the trial court abused its discretion in making the additional award for the girls' dancing expenses. We agree.
Calculation of the basic child support obligation is addressed in LSA-R.S. 9:315.2. Expenses which may be awarded in addition to the basic child support obligation include net child care costs, health insurance premiums, extraordinary medical expenses, expenses for attending a special or private school to meet the particular educational needs of the child, and expenses for transportation of the child from one party to the other. See LSA-R.S. 9:315.3, 9:315.4, 9:315.5, and 9:315.6. Expenses associated with dancing lessons are not included as extraordinary expenses which may be awarded in addition to the basic child support obligation. Therefore, we conclude that the trial court abused its discretion in making this additional award.

ANSWER TO APPEAL
Joan filed an answer to the appeal, contending that she is aggrieved by the trial court's failure to include the cost of the children's health insurance in the basic child support obligation, but allowing Louis a one hundred percent credit for the payment of same, and by the trial court's allowing Louis to take the federal and state income tax exemption for the two children. However, because Joan failed to brief these issues, they are deemed abandoned. Uniform Rules Louisiana Courts of Appeal, Rules 2-12.4 and 2-12.5. See Eglin v. United Gas Pipeline, 95-721, pp. 12-13 (La.App. 3rd Cir. 1/24/96); 670 So.2d 250, 257; Knotts v. Snelling Temporaries, 27,773, pp. 5-6 (La.App. 2nd Cir. 12/6/95); 665 So.2d 657, 661.

CONCLUSION
For the above reasons, the judgment of the trial court is reversed insofar as it awards dancing expenses. In all other respects, the judgment of the trial court is affirmed. Appeal costs are assessed equally against Joan and Louis Valure.
AFFIRMED IN PART AND REVERSED IN PART.