724 So.2d 278 (1998)
Renee H. SOBERS
v.
L. Wayne SOBERS.
No. 98 CA 0006.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
Michael M. Distefano, Plaquemine, Counsel for PlaintiffAppelleeRenee H. Sobers.
Glynn J. Delatte, Jr., Baton Rouge, Counsel for DefendantAppellantL. Wayne Sobers.
Before: FITZSIMMONS and GUIDRY, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, J.
The father, L. Wayne Sobers, appealed the trial court's refusal to reduce his child support obligation to his two children. We reverse and render.
To meet the "particular educational needs" of children, private school tuition *279 "may be added" in the calculation of child support. La. R.S. 9:315.6. The trial court's decision to include the tuition will not be disturbed absent an abuse of discretion. Valure v. Valure, 96-1684 (La.App. 1st Cir.6/20/97); 696 So.2d 685, 687.
The mother, Renee Sobers Miller, testified that the children had attended catholic school for several years. She believed that the private religious school was better able to meet the needs of the children. The trial court found that a particular need existed for the children to continue to attend private religious schools.
Notwithstanding the advantage to the children, any consideration by the trial court for extraordinary expenses must include the parents' ability to pay, and still meet the parents' basic needs. Under the facts of this case, the trial court abused its discretion by including the tuition in the calculation of the child support obligation.
In 1996, the father suffered multiple strokes. He was disabled; he was unable to work. The parties stipulated to the father's income from social security disability benefits of $949. The trial court used various calculations, but the lowest child support obligation possible for the father, with the inclusion of the tuition, was $499. Because the mother had not requested an increase, the trial court left the original $400 child support obligation in place.
Private tuition was $696 a month. The inclusion of private school tuition substantially increased the child support obligation, and served as the trial court's basis for denial of the rule for a reduction. The father did not argue that his social security benefits should not be included as "gross income." See La. R.S. 9:315(4)(d)(i). He testified that his parents were helping him financially when they could, and he wanted to help his children.
This court will order low income, needy parents to pay child support so that their children's basic needs can be met. However, justice would not be served by requiring a disabled father to go "on the dole," or grandparents to overextend their retirement benefits, to underwrite a private school education. To do so concomitantly undermines, needlessly, the public's support of a virtually free system of education.
Adding the father's income of $949, to the mother's adjusted gross of $1500, results in a combined monthly income of $2449.[2] The guidelines' basic child support obligation for two children is $609. See La. R.S. 9:315.14. After the addition of $162, the cost of medical and dental insurance for the children, the amount of monthly child support is $771. See La. R.S. 9:315.4. The father's percentage of the combined income is 39%. Thus, his portion of the monthly child support obligation is 39% of $771, or, rounded off, $300. See La. R.S. 9:315.2.
For these reasons, we reverse the judgment of the trial court. We reduce the father's child support obligation to $300 a month, and render a judgment to that effect. The cost of the appeal is assessed to the mother, Renee Sobers Miller.
REVERSED AND RENDERED.
GUIDRY, J., concurs.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The trial court did not consider the mother's husband's income; a benefit to Mrs. Miller. The husband, Mr. Miller, was also on disability. Mr. Sobers did not complain of the failure to consider Mr. Miller's sharing of Mrs. Miller's expenses. See La. R.S. 9:315(6)(c).