799 So.2d 849 (2001)
Susan Mary Van Tiem HOLLAND, Plaintiff-Appellee,
v.
Rickie Dale HOLLAND, Defendant-Appellant.
No. 34,996-CA.
Court of Appeal of Louisiana, Second Circuit.
November 6, 2001.
*850 Michael Nerren, Benton, Counsel for Appellant.
Gary A. Bowers, Shreveport, Counsel for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendant, Rickie Dale Holland, appeals a judgment ordering him to pay a portion of the private school tuition fees for his minor child, pursuant to LSA-R.S. 9:315.6. We affirm.

FACTS
Plaintiff, Susan Mary Van Tiem Holland, filed suit for divorce against defendant, Rickie Dale Holland, on November 26, 1997. During the end of the marriage, the parties resided in Benton, Louisiana. On February 5, 1998, the trial court signed a joint custody implementation plan, which provided that Mrs. Holland would be the domiciliary parent of the minor child, Rachel Mary Holland. The joint custody plan, signed by both parties, provided in part:
C. Education
Each party will consult with each other and select a school best suited to the child, taking into consideration the parties' economic circumstances and the benefits to be derived from sending the child to such school.
At the same time, the trial court ordered Mr. Holland to pay $125 .00 per week to Mrs. Holland for child support. Mr. Holland was also ordered to maintain a policy of major medical health and hospitalization insurance on Rachel through his employment.
In February 1998, Mrs. Holland and Rachel moved to Broken Arrow, Oklahoma. Rachel completed the third and fourth grade at Dewar Elementary School in Broken Arrow. Thereafter, for the 1999-2000 school year, Rachel completed the fifth grade at Arrowhead Elementary School in Broken Arrow. Although no report cards were placed into evidence, the testimony indicated that Rachel's grades were good, but she was having difficulties in math and spelling. On May 17, 2000, Mrs. Holland filed a rule for modification of child support, whereby she sought an increase in child support based on her change in employment. She also wanted Mr. Holland to pay a portion of the tuition for Rachel to attend private school the next school year. On October 5, 2000, Mr. Holland filed a motion to modify the joint custody implementation plan. He sought to be designated the domiciliary parent, and alleged, among other grounds, that "the minor child has struggled both academically and socially," since she moved to Oklahoma.
At the trial of the rule, Mrs. Holland testified that although Rachel was born in the month of December, she was allowed to enroll early in kindergarten when the couple lived in Michigan. However, Rachel *851 would have been too young to enroll in the Bossier Parish School System, which had a September birthday cut-off date. She completed kindergarten in Michigan. When the family moved to Bossier Parish, Rachel was placed in the first grade, and was one of the youngest children in her class. She continued advancing with the same class.
After Mrs. Holland moved to Oklahoma, Rachel maintained the same advancement until the fifth grade. She then began to have some difficulties with her school work, particularly math and spelling. Mrs. Holland testified that Rachel's teachers suggested that Rachel was too young for the class, and recommended that she be held back and allowed to repeat the fifth grade. Instead, Mrs. Holland had Rachel tutored in math. Rachel passed the fifth grade at the public school.
Mrs. Holland testified that she felt the teachers were too involved in unidentified "personal problems" to provide individual attention to the children. She also felt that Rachel's public school classroom was a "zoo." She was concerned that the children in the middle school Rachel would be attending wore gang-type clothing and body piercings in places other than their ears. She testified that she called Mr. Holland to suggest that the child be placed in a private school, but that he refused. She did not tell him the tuition costs or discuss with him letting Rachel repeat the fifth grade. The cost of the school tuition was $210.00 per month and after-school care was $30.00 per month, based on a 12-month payment plan. Mrs. Holland testified that the private school provided for after-school care, while the public school did not. She acknowledged that the public school had basically the same classes, programs and extra-curricular activities as the private school.
In August 2000, Mrs. Holland enrolled Rachel in the fifth grade class at Trinity Christian School, in Broken Arrow, Oklahoma. Rachel did better academically after she was enrolled in the private school. Although she continued to have problems with math, she was getting mostly "A's" and "B's" with an occasional "C."
Mr. Holland testified that he felt Rachel was doing better than average in public school. He further testified that Mrs. Holland told him she wanted to enroll Rachel in a private school, but he disagreed. Mrs. Holland did not provide any of the documentation regarding enrollment or costs of the private school. He testified that he learned through Rachel that Mrs. Holland had actually enrolled her in the private school. He further testified that Mrs. Holland did not send him all of the report cards and school records for Rachel. Mrs. Holland admitted that she sent only the end-of-year and mid-year report cards to Mr. Holland. She agreed that there was a communication problem between them on issues involving Rachel. Both parents agreed that Rachel is a bright, normal child with no behavioral or learning disabilities.
The trial court, applying LSA-R.S. 9:315.6, found that although the evidence was "not real strong about particular educational needs," under the totality of the circumstances, including the added after-school care for Rachel if she were to continue in the public school system, private school costs would be a reasonable expense to add to the basic child support obligation. Mr. Holland's child support obligation was increased to $221.32 per week and was made retroactive to the date Mrs. Holland's rule was filed.
Mr. Holland appealed, asserting one assignment of error:
Whether the trial judge abused his discretion in ordering an obligor parent *852 to pay a pro-rata share of private school expenses to which he never agreed, which were incurred in large part upon the personal preferences and unsubstantiated fears of the domiciliary parent, and which were awarded as a substitute for an award of child care costs.

DISCUSSION
This issue came before the trial court on a rule to modify the original child support award.[1] The sole issue for this court is whether the trial court abused its discretion in including private school tuition and after-school costs in the basic child-care costs.
LSA-R.S. 9:315.6 provides, in pertinent part:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
To meet the "particular educational needs" of children, private school tuition "may be added" in the calculation of child support. Whether to include such tuition in the basic child support obligation is a factual determination by the trial court which will not be disturbed absent an abuse of discretion. Sobers v. Sobers, 98-0006 (La.App. 1st Cir.12/28/98), 724 So.2d 278; Valure v. Valure, 96-1684 (La.App. 1st Cir.6/20/97), 696 So.2d 685, 687. In addition, LSA-R.S. 9:335(B)(3) provides:
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
This court has held that on judicial review, "it is presumed that all major decisions made by the domiciliary parent are in the best interest of the child and the burden of proving they are in fact not in the best interest of the child is placed on the non-domiciliary parent who opposes the decision." Shaw v. Shaw, 30,613 (La. App.2d Cir.6/24/98), 714 So.2d 906, 910. The language in the original joint custody implementation plan directs that the parties "will consult with each other" regarding Rachel's school. It is unfortunate that there was very little communication between the parents in determining their child's school, but the "communication" requirement does not abrogate the provisions of LSA-R.S. 9:335(B)(3), which give authority to Mrs. Holland to determine the best school for Rachel, subject to judicial review.
Although the trial court found that the "evidence is not real strong about particular educational needs," when one considers, as did the trial court, the totality of the evidence, the record does not support a finding that the trial court abused its discretion in adding the private school tuition and after-school expenses to the basic child support obligation. It is apparent from the parties' pleadings,[2] and their testimony, *853 that the primary issue before the trial court resulted from the fact that Rachel was a bright young lady who was having difficulty adjusting to her classroom environment because she was younger than most of the other children. Mrs. Holland testified that the public school teachers had recommended that she hold Rachel back, beginning with the fourth grade. Yet, Rachel benefitted from individual tutoring sessions.
We conclude that under the facts and circumstances of this case, the trial court did not err in finding that a sufficient particularized educational need existed to justify the addition of private school expenses to the basic child support obligation pursuant to LSA-R.S. 9:315.6.

CONCLUSION
For the foregoing reasons, the trial court's judgment adding the private school tuition and after-school costs as part of the basic child support obligation is affirmed. Costs of this appeal are assessed to the appellant, Rickie Dale Holland.
AFFIRMED.
NOTES
[1] It appears from the record that Mr. Holland's rule for a change of custody was not pursued.
[2] Mr. Holland, in his own rule, asserted that Rachel was having a difficult time adjusting to her public school.