JJJREW, J.
The sole issue in this appeal is whether the trial court erred in including private school tuition in the child support award. The father appealed the district court’s ruling. For the following reasons, the trial court’s judgment is affirmed.
PROCEDURAL BACKGROUND
At trial the parties stipulated on all issues of custody and visitation. The parties were awarded joint custody of the minor child, with the mother designated as the domiciliary parent, subject to specific periods of physical custody in favor of the father. The inclusion of private school tuition in the child support calculation and the necessity for spousal support were disputed and deferred to the court for consideration. The parties further stipulated that monthly child support of $564.66 would be due if the tuition was not included. If the child support award included his percentage of the private school tuition, then the amount would be $701.87, a difference to the father of $137.21 per month. Following trial on these issues, the court gave oral reasons for judgment and concluded that no spousal support was owed. The court further concluded that the private school tuition should be included in the calculation of child support, and accordingly awarded the amount of $701.87.
FACTS
Gregory Alan Preslar and Mary Beth Boyce Preslar were married on August 7, *579 1989. Their last matrimonial domicile was 9251 Dawn Ridge, Shreveport, Louisiana, where Mr. Preslar was living at the time of trial.
|2One child, Evan Clayton Preslar, was born on May 1, 1995. At the time of trial, Mrs. Preslar and Evan were living with her father.
Mr. Preslar was employed by the United States Postal Service, earning a gross monthly salary of $3,526.91. Mrs. Preslar was employed at LSU-Shreveport at a gross monthly income of $1,544.61. Tuition for Evan at Calvary Baptist Academy is $248.75 per month on a twelve-month payment plan for an annual total of $2985.00.
When Evan was ten weeks old, he was placed in daycare at Calvary Baptist Church. He continued there until he was ready for kindergarten at the age of four and then attended Calvary Baptist Academy Kindergarten. Thereafter, in February of 2001, the Preslars, who were married and living together, enrolled him in Calvary Baptist Academy for his first grade year, which he has now completed. The enrollment contract, signed by both parents, held a place for the child in the Academy for the first grade, and obligated them to pay the tuition whether he attended the school or not. On June 4, 2001, the mother filed a petition for divorce. The father argued that the physical separation and the necessity for the maintenance of two households rendered him incapable of continuing the payment of private school tuition for Evan.
DISCUSSION
La. R.S. 9:315.6[1] provides, in pertinent part:
By agreement of the parties or order of the court, the |sfollowing expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.
Whether to include such tuition in the basic child support obligation is a factual determination by the trial court which will not be disturbed absent an abuse of discretion. Sobers v. Sobers, 98-0006 (La.App. 1 Cir. 12/28/98), 724 So.2d 278; Valure v. Valure, 96-1684 (La.App. 1 Cir. 6/20/97), 696 So.2d 685, 687. La. R.S. 9:335(B)(3) provides that the domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise.
It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child and the burden of proving they are in fact not in the best interest of the child is placed on the non-domiciliary parent who opposes the decision. Shaw v. Shaw, 30,613 (La.App.2d Cir.6/24/98), 714 So.2d 906, writ denied, 98-2414 and 98-2426 (La.11/20/98), 729 So.2d 556, 558.
This court addressed the issue of the inclusion of private school tuition in the child support calculation in Settle v. Settle, 25,643 (La.App.2d Cir.3/30/94), 635 So.2d 456, writ denied, 94-1340 (La.9/16/94), 642 So.2d 194. The father was properly required to pay his percentage of private school tuition. Although the father initially testified that he wanted his children to *580 experience the benefits of the public school system, he ultimately admitted that his primary concern was economic. He further acknowledged that the original decision to send the children to private | ¿school had been made by the parents jointly. The mother’s testimony was that the children needed a nurturing, stable school environment in light of the considerable turmoil in their lives occasioned by the divorce.
In Holland v. Holland, 34,996 (La.App.2d Cir.11/6/01), 799 So.2d 849, the mother and child had relocated to another state and the father objected to enrollment in private school. The mother testified that the public school teachers had 'recommended that the child be held back from the next grade level and that the child had benefitted from individual tutoring sessions. The mother also testified as to undesirable conditions in the public school the child had attended. The court stated:
Although the trial court found that ‘the evidence is not real strong about particular educational needs,’ when one considers, as did the trial court, the totality of the evidence, the record does not support a finding that the trial court abused its discretion in adding the private school tuition and after-school expenses to the basic child support obligation.
The father relies heavily on Shaw, supra, in which the court disallowed the inclusion of private school tuition in the child support award. There, the father had complained of the cost of private school prior to his daughter’s beginning kindergarten when the option first became available. The court found that the evidence failed to show that the child’s social tie to the school meant that the school would be better able to fulfill the “particular educational needs” of the beginning kindergarten student.
In this case as in Settle, supra, the father testified his primary concern with regard to the private school tuition was economic. He readily admitted that the decision to send Evan to private school had been made by him and his wife jointly. Neither Mrs. Preslar nor Mr. Preslar had ever considered |fiEvan’s attending any other school. They had not evaluated any of the public schools and had not had him tested for the Magnet school program pri- or to the time of trial. In fact, neither party knew which public school Evan would attend if he were not enrolled at Calvary. Both parties testified that they felt that the religious training that Evan received at Calvary was beneficial and was important to them. Both parties affirmed that the discipline was strict and that Evan benefitted from that environment. Mrs. Preslar further stated that Evan was able to attend after school daycare at the same place and that there was no necessity for him to ride the bus to another daycare after school.
Mr. Preslar also urged below that his net income of $1801.77 simply did not allow him to continue the payment of the private school tuition. However, the court recognized that voluntary deductions from his gross pay include a truck note for $470.16, a thrift allotment of $176.56, plus a savings bond allotment of $54.16 per month. Mr. Preslar can well afford the extra $137.21 per month for private schooling. At any rate, La. R.S. 9:315.2(C) mandates that child support be based upon gross income and any consideration of net income is therefore improper.
In his reasons for judgment the trial judge stated as follows:
Both of you are hard working people, it sounds like, and do your jobs and make money. Both of you have sacrificed from the time the child is born up until *581 now to keep the child in private school ... [M]y. job is to do what I think is in the best interest of the child. I think the best interest of the child is to continue at ... Calvary Academy. That is where the child has been raised. His mother and father are separated now. The world has changed, and one of the most stable things in his life at this time is still going to the school where he has been raised ...
1 fiThis court concludes that the trial judge did not abuse.his discretion by the inclusion of private school tuition in the calculation of child support.
DECREE
For the reasons set forth, the August 14, 2001 judgment of the trial court, setting child support in the amount of $701.87 per month, is AFFIRMED. All costs of this appeal are assessed to Gregory Alan Pres-lar.
BROWN, J., dissents with reasons.
CARAWAY, J., dissents for the reasons assigned by J. BROWN.

. Amended by Act 1082, Sec. 1 of 2001 to eliminate the "particular educational” requirement. This amendment applies to child support actions filed after August 15, 2001. A hearing to determine whether to include private school tuition in the child support obligation was held on August 14, 2001.