NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1203

RENE WINDHAM HARPER

VERSUS

RANDOLPH WALLACE HARPER

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 904907
HONORABLE PHYLLIS KEATY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

AFFIRMED.

David L. Carriere
Law Office of David L. Carriere
322 South Market Street
Opelousas, LA 70570
(337) 948-6217
COUNSEL FOR PLAINTIFF/APPELLANT:
    Rene Windham Harper

**Jack Derrick Miller**
**Attorney at Law**
**Post Office Drawer 1650**
**Crowley, LA 70527-1650**
**(337) 788-0768**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Randolf Wallace Harper**

PETERS, J.

Rene Windham Mire, formerly Rene Windham Harper, appeals certain aspects of a trial court judgment which modified a prior trial court judgment relating to the custody, visitation, and support of her two children. Randolph Wallace Harper, Ms. Mire's former husband and the father of the two children at issue, answered the appeal, objecting to the trial court's decision to make the judgment retroactive to the date Mr. Harper filed the motion for reduction of child support. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

This litigation arose after an employment accident sustained by Mr. Harper affected his rights and obligations to his two children born of his marriage with Ms. Mire. While the record before this court begins with pleadings filed by Mr. Harper on June 30, 1997, wherein he sought a decrease in his child support obligation and a modification of his visitation arrangements, the litigation had apparently been going on for some time.[1] Other pleadings in the record establish the birth dates of the two children born of the marriage between the litigants. Taylor Harper was born on February 2, 1987, and Blake Harper was born on November 3, 1988.

In his June 30, 1997 pleading, Mr. Harper referenced a May 30, 1995 judgment wherein he was ordered to pay Ms. Mire $692.00 per month as support for his two children. He asserted that subsequent to that judgment he sustained an employment related injury which greatly reduced his income.[2] After the filing of a number of

_____

[1] The pleadings reference a November 14, 1991 judgment granting the parties joint custody, naming Ms. Mire as domiciliary custodian, and establishing a specific visitation schedule with set custody transfer locations. Although visitation particulars have been a continuing issue throughout the litigation, each new issue was addressed by the trial court, obviously to the satisfaction of the litigants because neither party has raised this issue on appeal.

[2] The 1995 child support award was based on Mr. Harper's monthly income of $2,978.00 and Ms. Mire's monthly income of $628.43. Although the pleading does not specifically state when Mr. Harper was injured, subsequent testimony in the record established that he sustained an offshore

other pleadings raising other issues, the parties met with a hearing officer for the 15th

Judicial District. This meeting resulted in a stipulated hearing officer

recommendation.[3] With regard to Mr. Harper's child support obligation, the

stipulated recommendation was that Mr. Harper owed his former wife $2,495.00 in

past due child support and that Mr. Harper's monthly child support obligation be

suspended effective June 1, 1997. The stipulated recommendation contemplated that

both the arrearage and the accumulated suspended payments would ultimately be paid

through the funds Mr. Harper would receive from a yet-to-be litigated personal injury

suit pending in Calcasieu Parish, Louisiana. The trial court accepted this hearing

officer's recommendation and adopted it as a judgment of its own on June 19, 1998.

The trial court judgment was filed in this record on June 22, 1998. The pertinent

language of the hearing officer's recommendation and judgment as accepted by the

trial court reads as follows:

> IT IS ORDERED that child support due and payable by
> **RANDOLPH WALLACE HARPER** unto **RENE WINDHAM MIRE**
> in these proceedings on behalf of the minor children, Taylor Harper and
> Blake Harper, be and is hereby suspended, effective with the support
> payment due on July 1, 1997 and continuing until further orders of this
> Honorable Court;

> IT IS FURTHER ORDERED that **RANDOLPH WALLACE
> HARPER** is found to be in arrears on his child support obligation as of
> June 31, 1997 in the amount of Two thousand four hundred ninety-five
> and 00/100 ($2,495.00) Dollars, said arrearage to be determined in this
> stipulated judgment but to accrue no legal interest pending further orders
> of this Court;

> IT IS FURTHER ORDERED that the child support obligation of
> **RANDOLPH WALLACE HARPER** in the sum of Six hundred ninety-
> two ($692.00) Dollars per month, now to be due and owing from July 1,

accident on November 7, 1996.

[3]The hearing officer proceeding took place on August 29, 1997, although the hearing officer
did not reduce his recommendation to writing until June 3, 1998.

1997 forward, until further orders of this Court, shall be suspended, pending resolution of a personal injury claim that he has filed in the 14th Judicial District Court, Parish of Calcasieu, under Docket No. 98-974, said claim being entitled as follows:

> *RANDOLPH "RANDY" WALLACE HARPER INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, TAYLOR ALEXANDER HARPER AND BLAKE LEE HARPER*
>
> *VERSUS*
>
> *FALRIG OFFSHORE, INC., ET AL*

In anticipation of eventual receipt of funds sufficient to address **RANDOLPH WALLACE HARPER's** current economic loss, child support payable to **RENE WINDHAM MIRE** shall continue to accrue in the amount previously ordered, namely Six hundred ninety-two ($692.00) Dollars per month, pending further orders of this Court;

IT IS FURTHER ORDERED that all accrued child support due **RENE WINDHAM MIRE**, including the arrearage determined herein as well as the suspended child support, shall be paid from funds available to **RANDOLPH WALLACE HARPER**, after satisfaction of file expenses and all attorneys fees incurred in connection with and related to the above referenced litigation bearing Calcasieu Parish Docket No. 98-974, prior to receipt of any funds by **RANDOLPH WALLACE HARPER**;

The offshore litigation did not produce the result anticipated by Mr. Harper. On December 26, 2000, Mr. Harper filed a new rule seeking a reduction in child support and a modification of the June 19, 1998 judgment.[4] In this pleading, Mr. Harper asserted that when his personal injury suit went to trial, the jury returned a significant verdict, but held him to be seventy-five percent at fault in causing his own injuries.[5]

---

[4]In his pleading, Mr. Harper references the August 29, 1997 proceeding before the hearing officer and not the June 19, 1998 trial court judgment that arose from that proceeding. Still, it is clear that he seeks modification of the trial court judgment.

[5]Although the pleadings do not give specifics, the record contains a disbursement sheet dated November 12, 2004, which reflects a gross recovery of $313,457.24, with Mr. Harper receiving $138,957.65 after deduction of attorney fees and expenses. That amount, according to the disbursement sheet, was reduced by $70,000.00 to be held in trust by one of the attorneys in this

The issues raised by this pleading were presented to a hearing officer on January 31, 2001. In her conference report filed May 24, 2001, the hearing officer recommended that Mr. Harper's monthly support obligation be reduced to $354.00 commencing December 26, 2000. This recommendation was followed further down in the report with the following language:

> By agreement, the parties will split the tax deductions. The new reduced amount will be effective as of June 1, 2001 with the accrued decreased amount from 12-26-00 until June 1, 2001 to be satisfied out of the Defendant's personal injury case as will the previously accrued child support as per judgment signed 6-3-98.

We interpret this somewhat confusing language to mean that Mr. Harper's monthly obligation was reduced to $354.00 effective December 26, 2000, but that he would not be required to make a monthly payment until June 1, 2001. The arrearage that might accrue between December 26, 2000, and June 1, 2001, would be satisfied from the funds derived from the offshore claim and still in trust. On May 29, 2001, Ms. Mire filed an objection to the hearing officers' finding.[6]

Despite Ms. Mire's objection and the continuous filing of pleadings and objections by both litigants, the trial court did not address the growing issues until a hearing held August 15, 2005. The judgment arising from this hearing constitutes the basis of the appeal now before us.

At the beginning of the August 15, 2005 hearing, the trial court and the litigants agreed that the issues to be addressed revolved around the language of the

litigation pending satisfaction of the terms of the June 19, 1998 trial court judgment.

[6]The objection appears to relate to the division of the tax deductions only. In complaining of the hearing officer's recommendations, the pleading states:

> In her recommendations, [the hearing officer] stated, "By agreement, the parties will split the tax deductions." When undersigned counsel read this, he advised [the hearing officer] that he had no authority to enter into said agreement, [the hearing officer] stated, "That's okay, just file your objection."

hearing officer's recommended judgment, which the trial court adopted as its own by the June 19, 1998 judgment,[7] and the effect of Mr. Harper's December 26, 2000 motion to modify that judgment. The trial court then heard testimony from Walker Marshall Sanchez, a Lake Charles, Louisiana attorney who represented Mr. Harper in 1998. According to Mr. Sanchez, the parties had agreed in their negotiations before the hearing officer that if the offshore case did not provide the anticipated recovery, the $692.00 per month stipulated support payment would be subject to recalculation retroactive to July 1, 1997. James M. Miller, Jr., a Lafayette, Louisiana lawyer who represented Ms. Mire in June of 1998, testified that the $692.00 figure was accepted by Mr. Harper in exchange for Ms. Mire not going forward with her rule, and that its continuance was not contingent on the offshore case result. Both attorneys agreed that reaching the stipulated judgment required significant negotiation on the part of all participants. Both agreed that the existing arrearage was not to bear interest, but Mr. Miller suggested that the monthly payments that were accumulating were to accrue interest.

After completion of the hearing, the trial court took the issues under advisement. However, before the trial court issued any reasons for judgment on the issues taken under advisement, the litigants found themselves again before the hearing officer. Based on this new hearing, the hearing officer issued, on September 17, 2004, another conference report with recommendations. The hearing officer found Ms. Mire's monthly income to have remained consistent at $1,500.00 from 2001 through the date of the hearing. However, in addressing Mr. Harper's monthly income, the hearing officer broke it down by year. The hearing officer found Mr.

---

[7]As previously stated, the trial court executed the judgment on June 19, 1998, although it was not filed of record until June 22, 1998.

Harper's monthly income to have been $1,620.00 in 2001, $1,172.00 in 2002, $2,324.00 in 2003, and $2,052.00 in 2004. Using those monthly income determinations, the hearing officer recommended that Mr. Harper's monthly child support obligation be set at $411.59 for 2001 if private school expenses were not considered, and $641.79 if private school expenses were considered; at $309.44 for 2002 if private school expenses were not considered, and $503.90 if private school expenses were considered; at $564.85 for 2003 if private school expenses were not considered, and $834.28 if private school expenses were considered; and at $506.36 for 2004 if private school expenses were not considered, and $762.47 if private school expenses were considered. Recognizing that the older child would be eighteen years of age in 2005, the hearing officer recommended that Mr. Harper's monthly child support obligation for that year be set at $336.42 if private school expenses were not considered, and $586.76 if private school expenses were considered. In the final analysis, the hearing officer recommended that the amounts which did not include private school expenses be adopted. Ms. Mire timely objected to this recommendation.

On November 10, 2005, the trial court issued written reasons for judgment as to the issues addressed in the August 15, 2005 hearing. In its reasons for judgment, the trial court concluded that the June 19, 1998 judgment was not intended to preclude Mr. Harper from asking for a reduction of his support obligation if the offshore litigation was less than successful, but that the recalculation would only be effective from December 26, 2000, forward. Additionally, the trial court concluded that neither the suspended monthly payments nor the past due child support set in the June 19, 1998 judgment would earn legal interest.

6

The rulings evidenced by the November 10, 2005 reasons for judgment were not immediately reduced to judgment. In fact, before that occurred, on August 8, 2006, the trial court issued supplemental reasons for judgment addressing the hearing officer's recommendations of September 17, 2004. In these supplemental reasons for judgment, the trial court concluded that the appropriate calculations were those that did not include private school expenses. Finally, on December 6, 2006, the reasons for judgment and supplemental reasons for judgment were reduced to judgment form and executed by the trial court. With regard to Mr. Harper's request for a support reduction, the judgment provides:

> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of RENE WINDHAM HARPER ordering RANDOLPH WALLACE HARPER to pay to her the following monthly sums for the support and maintenance of their children:
>
> 1. Effective July 1, 1997, and ending on December 31, 2000, the monthly sum of $692.00.
>
> 2. Effective Jan. 1, 2001, and ending on Dec. 31, 2001, the monthly sum of $ 307.85.
>
> 3. Effective Jan. 1, 2002, and ending on Dec. 31, 2002, the monthly sum of $ 309.45.
>
> 4. Effective Jan. 1, 2003, and ending on Dec. 31, 2003, the monthly sum of $ 564.85.
>
> 5. Effective Jan. 1, 2004, and ending on Dec. 31, 2004, the monthly sum of $ 506.36.
>
> 6. Effective Jan. 1, 2005, and ending on May 31, 2005, the monthly sum of $ 506.36. (Child support for the oldest child, Taylor Harper, is terminated on May 31, 2005.)
>
> 7. Effective June 1, 2005, and continuing into the future, the monthly sum of $ 336.42, for the maintenance and support of the minor child, Blake Harper.

The judgment further provides that "judicial interest is <u>not</u> owed on the suspended child support obligation established in the Judgment dated June 19, 1998." (Emphasis in the original.) This December 6, 2006 judgment forms the basis for the appeal now before us.

In her appeal, Ms. Mire asserts four assignments of error. She first argues that the Mr. Harper failed to establish a change of circumstances either from the judgment of June 19, 1998, or the original child support judgment of May 30, 1995, and that the trial court erred in reducing the child support award without such a showing. Second, she asserts that the trial court erred in not including the cost of private school tuition in calculating the child support awards. Third, she contends that the trial court erred in not awarding her interest on all of the arrearage owed to her by her former husband. Finally, she asserts that the trial court erred in concluding that the hearing officer's recommendation of June 19, 1998, was ambiguous.

Mr. Harper, in his answer to his former wife's appeal, asserts only one assignment of error: that the trial court erred in not making the reduction of his child support retroactive to June of 1997.

**OPINION**

***Ms. Mire's Assignment of Error No. 1.***

Ms. Mire asserts that the trial court erred in reducing the child support award, arguing that Mr. Harper failed to establish a change of circumstances either from the judgment of June 19, 1998, or from the original child support judgment of May 30, 1995.

8

When Mr. Harper filed his December 26, 2000[8] pleading seeking a reduction in child support, La.R.S. 9:311(A) provided:

> An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.

The party requesting a change in the child support order bears the burden of proving a change of circumstances sufficient to justify the increase or decrease. Therefore, Mr. Harper had the burden of proving that there had been a change of circumstances since the June 19, 1998 consent judgment. *See State v. Reed*, 26,896, 26,897 (La.App. 2 Cir. 6/21/95), 658 So.2d 774. However, in meeting that burden of proof, we note that there is no bright line rule on what change of circumstances will warrant modification; it must be determined on a case by case basis. *Stogner v. Stogner*, 98-3044 (La. 7/7/99), 739 So.2d 762. Additionally, this court must give great deference to the trial court's determination of whether the spouse asking for a change in the child support award has shown such a change sufficient to justify the increase or decrease. *Berry v. Berry*, 95-322 (La.App. 3 Cir. 10/4/95), 663 So.2d 266.

In that consent judgment, it was made clear that Mr. Harper's child support obligation remained at $692.00, and would continue to accrue at that level, because both parties anticipated that he would be able to pay the child support that would accrue out of funds that they anticipated he would receive from the pending litigation. In its November 10, 2005 reasons for judgment, the trial court found that "Mr.

---

[8]This statute has been amended to provide that the change in circumstances must be *material*. But that amendment applies only to child support actions filed after August 15, 2001. Although the trial court phrased its reasons for judgment in terms of a material change, in our review we apply the law as it existed when Mr. Harper filed his rule for reduction of child support.

Harper's settlement being reduced by 75%" was a change of circumstances that justified a reduction in the amount of child support.

We find no abuse of the trial court's discretion in this determination and thus no merit in this assignment of error.

### Ms. Mire's Assignment of Error No. 2.

Ms. Mire contends that the trial court erred in not taking into consideration the cost of the children's private school tuition in calculating the child support awards. Whether to include private school tuition in a basic child support obligation is a factual determination by the trial court which will not be disturbed absent an abuse of discretion. *Holland v. Holland*, 34,996 (La.App. 2 Cir. 11/6/01), 799 So.2d 849.

When Mr. Harper filed the motion[9] for reduction of child support, La.R.S. 9:315.6 provided, in pertinent part:

> By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
>
> (1) Any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.

"In the absence of an agreement by the parties, in order to warrant the inclusion of private school tuition expenses in a child support award, some evidence must be presented to show a particular educational need of the child which is met by attendance at a private school." *Valure v. Valure*, 96-1684, p. 3 (La.App. 1 Cir. 6/20/97), 696 So.2d 685, 687 (citation omitted). The trial court stated, in its August 8, 2006 supplemental reasons for ruling, that there were no allegations that either of

---

[9]The 2001 amendment to the statute eliminated the necessity of showing that attendance at the special or private school was required to meet the "particular educational" needs of the child. But this amendment applies only to actions concerning child support filed after August 21, 2001. Thus, we rely on the version of the statute in effect at the time that Mr. Harper filed his motion.

the children had a "particular educational" need and that there was no evidence presented on that point. Having reviewed the record, we find no abuse of discretion in the trial court's decision not to include the cost of the children's private school tuition in calculating the child support awards.

***Ms. Mire's Assignment of Error No. 3.***

In its December 6, 2006 judgment, the trial court ordered that "judicial interest is <u>not</u> owed on the suspended child support obligation established in the Judgment dated June 19, 1998." (Emphasis in original.) Ms. Mire asserts that the trial court erred in not awarding her interest on this child support that accrued while Mr. Harper's obligation to pay the child support was suspended.

Louisiana Code of Civil Procedure Article 1921 provides that "[t]he court shall award interest in the judgment as prayed for or as provided by law." Judicial interest on child support is provided for in La.Civ.Code art. 2000:

> When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum *from the time it is due*, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more.

(Emphasis added.) Judicial interest on past due child support accrues *from the date each payment is due*. *See Miller v. Miller*, 321 So.2d 318 (La.1975) and *Marshall v. Marshall*, 390 So.2d 1365 (La.1980). Here, the June 3, 1998 stipulated judgment provided that Mr. Harper's child support obligation was suspended "until further orders of this Honorable Court." The payments were not due until the suspension was lifted, and therefore, under La.Civ.Code art. 2000, no interest was due. Thus, the trial court did not err in its holding that judicial interest is not owed on the suspended child support obligation. We find no merit in this assignment of error.

11

### Ms. Mire's Assignment of Error No. 4.

In her final assignment of error, Ms. Mire asserts that the trial court erred in concluding that the hearing officer's recommendation of June 19, 1998, was ambiguous. She does not ask for any relief in connection with this assignment of error, but instead states that she makes this argument in response to Mr. Harper's answer to the appeal. However, in his appeal Mr. Harper does not address the trial court's finding that the judgment is ambiguous. Mr. Harper contends only that the trial court erred in not making the reduction of his child support retroactive to June of 1997. Accordingly, we do not address Ms. Mire's final assignment of error.

### Mr. Harper's Assignment of Error

The trial court made its order reducing the amount of child support retroactive to December 26, 2000, when Mr. Harper filed the pleading, seeking reduction of child support, that is the subject of this appeal. Mr. Harper argues that the trial court should have made the reduction of child support retroactive to his prior motion for reduction of child support, filed on June 30, 1997.

We reject this argument because the June 30, 1997 motion for reduction of child support was resolved by the June 19, 1998 stipulated judgment. The December 6, 2006 judgment currently being appealed was rendered in response to Mr. Harper's December 26, 2000 pleading. Louisiana Revised Statute 9:315.21(C) provides, "[e]xcept for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, *but in no case prior to the date of judicial demand*." (Emphasis added.) Accordingly, it is not possible for the modification of the child support award to be made retroactive to any

12

date prior to December 26, 2000, when the pleading currently before this court was filed. We find no merit in this assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment in all respects. We assess the costs of this appeal equally between Rene Windham Mire and Randolph Wallace Harper.

**AFFIRMED.**

> This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.