839 So.2d 150 (2003)
Linda Kleinschmidt SCHMIDT
v.
Michael G. SCHMIDT.
No. 02-CA-885.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 2003.
Jeffrey A. Jones, Mandeville, LA, for plaintiff-appellee.
Debra M. Kesler, Metairie, LA, for defendant-appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
At issue in this appeal is whether the trial court abused its discretion in finding *151 that a Catholic School education is in the best interest of the minor child and assessing a percentage of private school tuition expenses to defendant as part of his child support obligation. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Linda Kleinschmidt Schmidt, and defendant, Michael Schmidt, were married in September 1996. Their only child, Eva Ann Schmidt, was born on December 17, 1996. The couple was divorced on March 23, 2001. The parties agreed to joint custody of Eva with Mrs. Schmidt to be the domiciliary parent and Mr. Schmidt to have reasonable visitation. They agreed that Mr. Schmidt would pay $546.00 a month in child support plus 59% of net child care expenses, 59% of her health care expenses and 59% of any uncovered extraordinary medical or dental expenses. In October 2001, Mrs. Schmidt filed a motion to amend child support and for arrearages and contempt. Mrs. Schmidt prayed for an amendment of child support as Eva would be attending St. Ann, a new school, for pre-kindergarten because they relocated to a home close to that school. Mr. Schmidt objected to the change of schooling proposed by Mrs. Schmidt in favor of sending Eva to Alice Birney, a public school.
Mrs. Schmidt pointed out that Mr. Schmidt's monthly share of the tuition would be $218.50. She requested the court amend the judgment to have Mr. Schmidt pay 59% of any net childcare expenses, tuition or any other necessary education expenses. Mrs. Schmidt also requested that the $218.50 be made executory, that Mr. Schmidt be held in contempt for his failure to pay that amount and that he pay court costs and attorney fees.
After a hearing, the trial judge, Judge Greg Guidry, granted Mrs. Schmidt's motion to amend ordering Mr. Schmidt to pay 59% of Eva's Catholic school tuition including registration and the building use fee for the 2002-2003 school year and future school years in addition to his present support obligation of $546.00 per month. The trial court also ordered him to pay 59% of child care expenses and 59% of Eva's health care expenses until further ordered. Mr. Schmidt was ordered to pay an additional $287.79 a month from April 2002 through July 2002, to include school expenses, before and after care, summer camp and health insurance for Eva through August 2002. Additionally, the trial court ordered Mr. Schmidt to pay an additional $247.65 a month beginning in August 2002, for twelve months to cover school expenses, before and after care, summer camp and health insurance for Eva through August 2003. Mrs. Schmidt was ordered to provide an accounting to Mr. Schmidt every six months detailing all expenses paid on behalf of Eva for medical care, before and after care showing any credit or amount owed by Mr. Schmidt with tuition and other school information to be provided once a year in July. The trial judge granted Mrs. Schmidt's motion to make child support and insurance reimbursement executory. Mr. Schmidt was found to owe Mrs. Schmidt the executory amount of $2,075.96 (insurance for he and Eva), and was ordered to pay $305.00 in court costs. Mrs. Schmidt's request for attorney fees and that Mr. Schmidt pay any share of church donations on Eva's behalf were denied.
Mr. Schmidt now appeals this ruling.

DISCUSSION
Mr. Schmidt contends that the trial court abused its discretion in finding that Catholic school attendance is in the best *152 interest of his daughter and in adding private school tuition to his child support obligation. In this case, Mrs. Schmidt was named the domiciliary parent of the couple's minor child, Eva. La.R.S.9:335(B)(3) provides:
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
The burden of proving decisions are in fact not in the best interest of the child is placed on the non-domiciliary parent who opposes the decision. Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731. A trial court's determination in a child custody case will not be disturbed unless there is a clear abuse of discretion. An appellate court is required to extend great weight to the factual conclusions of trial courts which are based on reasonable evaluations of credibility and reasonable inferences of fact. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In this case, while Mr. and Mrs. Schmidt were still married, Mrs. Schmidt began looking at Catholic schools for Eva to attend pre-kindergarten. Mr. Schmidt knew that Mrs. Schmidt always planned to send Eva to a private school. Prior to divorce Eva was attending Wee Friends, a private preschool, costing $385 a month. After the couple separated, Mrs. Schmidt was named as Eva's domiciliary parent. Mrs. Schmidt and Eva moved into a home in the St. Ann School district. Mrs. Schmidt placed Eva in St. Ann because it was close to their residence, Eva's cousins attend St. Ann, and she felt the school would best meet Eva's social and educational needs. Although Mr. Schmidt himself received a Catholic school education, he objects to one for Eva based on his dissatisfaction with the Catholic church.
Our review of the record demonstrates that Mr. Schmidt has not met his burden of proving that Eva's attendance of St. Ann is not in her best interest. He did not show whether his choice of school was better or at least equal to St. Ann. Regarding the trial court's award of private school tuition expenses to Mrs. Schmidt, we note private school tuition is a special or extraordinary expense that may be added into the computation of the total child support obligation upon compliance with La. R.S. 9:315.6(1). This statute provides:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Any expenses for attending a special or private elementary or secondary school to meet the needs of the child.
A trial court's child support order will not be reversed except for abuse of discretion. Hogan v. Hogan, 549 So.2d 267, 271 (La.1989). Based on the evidence before us, we do not find that the trial court abused its discretion in light of the testimony of both parties. Mrs. Schmidt was steadfast in her commitment to Eva's private school education offering to monetarily sacrifice for Eva's educational benefit. Mr. Schmidt expressed some concern that he might loose his job and become unable to pay his share of the tuition. Should Mr. Schmidt loose his job, then the trial court can revisit the child support and private school tuition issues, not before. Thus, the trial court's ruling is amply supported by the evidence and justifies the addition of this special expense to Mr. Schmidt's support obligation.

*153 CONCLUSION

Based on the foregoing reasons, the judgment of the trial court is affirmed. The parties are to bear there own costs of this appeal.
AFFIRMED.