JACHARLES R. JONES, Judge.
The Defendant/Appellant, Mr. Quince Williams, appeals a district court judgment which ordered him to pay a portion of his minor child’s private school tuition. We affirm.
Facts and Procedural History:
Mr. Williams, and the Appellee, Lori Williams, were married on November 25, 1989, in New Orleans. They resided in Orleans Parish throughout the course of their marriage. One child, Christy, was born of this union on April 18,1988.
Based upon allegations of cruel treatment, Mrs. Williams filed a Petition for Divorce and Incidental Relief against Mr. Williams, on June 27, 2003. Since she had insufficient income to support both herself and Christy, Mrs. Williams requested, inter alia, interim spousal support and child support, along with use of the community home in her Petition. The parties were then ordered to attend marriage counseling, while all further proceedings were continued without date.
*630 A Motion to Reset was filed on August 29, 2003, and a hearing to determine custody and child support was set for September 18, 2003. An interim support [¡.award was entered on the record which awarded interim joint custody of Christy to both parents, domiciliary custody with Mrs. Williams, and interim visitation with Mr. Williams, along with an interim support award of $400 per month to Mrs. Williams.
A subsequent hearing concerning the rules of custody and support was had on December 16, 2003, at which time the matter was taken under advisement. A judgment was signed on December 18, 2003, which awarded joint custody of Christy to both parties, along with granting domiciliary custody to Mrs. Williams and reasonable visitation to Mr. Williams.
Initially, the judgment erroneously set forth that Christy’s school tuition was $692 per month; however, the judgment was later amended, on August 25, 2004. The amended judgment ordered Mr. Williams to pay $491 in child support, of which $364 was allocated for school tuition.
Mr. Williams filed a Petition for a Devol-utive Appeal of the judgment, as amended, by the August 25, 2004 judgment. Mr. Williams only seeks to reverse the part of the judgment which ordered him to pay a portion of Christy’s private school tuition.
Discussion
A trial court’s decision to add private school tuition expenses to the basic child support obligation will not be disturbed, unless it is an abuse of the trial court’s discretion. Kelly v. Kelly, 99-2478 (La.App. 4 Cir. 12/22/00), 775 So.2d 1237, 1245, citing Valure v. Valure, 96-1684, p. 3 (La.App. 1st Cir.6/20/97), 696 So.2d 685, 687. Additionally,
13An abuse of discretion occurs if the court was arbitrary or capricious in its decision. Torrance v. Caddo Parish Police Jury, 119 So.2d 617, 619 (La.App. 2d Cir.1960). “Capricious” means the entry of judgment with no substantial evidence to support it or a conclusion contrary to substantiated competent evidence. Coliseum Square Assoc. v. New Orleans, 544 So.2d 351, 260[360] (La.1989). “Arbitrary” implies a disregard of evidence or the proper weight thereof. Id.
Juneau v. Strawmyer, 94-0903 (La.App. 4 Cir. 12/15/94), 647 So.2d 1294.
La. R.S. 9:315.6, titled “Other extraordinary expenses; addition to basic obligation,” provides:
By agreement of the parties or order of the court, the following expenses incurred on behalf of the child may be added to the basic child support obligation:
(1) Expenses of tuition, registration, books, and supply fees required for attending a special or private elementary or secondary school to meet the needs of the child.
(2) Any expenses for transportation of the child from one party to the other.
The current version of La. R.S. 9:315.6 was amended and adopted, as amended, in 2001. Prior to its amendment, Paragraph (1) of La. R.S. 9:315.6 read: “any expenses for attending a special or private elementary or secondary school to meet the particular educational needs of the child.” However, as explained in the comments following the amended statute,
Prior to 2001, “any expenses” for attending a special or private elementary or secondary school to meet the “particular educational” needs of the child could be added to the basic child support obligation calculated using the guideline tables. Clarifying language was added to Paragraph (1) to specify the types of school expenses — tuition, registration, books and supply fees required for at *631 tending the. school-permitted to be 14added to the basic child support amount, but the necessity of showing that attendance at the special or private school was required to meet the “particular educational” needs of the child was eliminated. The needs of the child met by the special or private school need not be particular educational needs but may include such needs of the child as the need for stability or continuity in the child’s educational program. [emphasis added ]
Mr. Williams correctly points out in his brief that since the statute was amended, limited case law exists in this circuit concerning the application and interpretation of the amended statute. In a recent case from the Fifth Circuit, Schmidt v. Schmidt, 02-885 (La.App. 5 Cir. 1/14/03), 839 So.2d 150, a mother, who had domiciliary.[1] custody of the minor child, filed a motion to amend a child support order to reflect her daughter’s attendance at a Catholic, rather than public school. The district court granted the mother’s motion and the father appealed. The Court of Appeal affirmed, and held that the district court acted within its discretion in finding that Catholic school attendance was in the best interest of the divorced couple’s five-year old daughter, who was enrolled in a school close to her home. The court concluded- that the. father did not meet his burden in proving that his daughter’s attendance at the Catholic school was not in her best interest, nor did |sthe father show that his preference of a public school was better or at least equal to the Catholic school.
Additionally, several cases prior to the amendment have also preserved child support payments in situations where the child was currently enrolled and had a history of enrollment in private schools.
In Corley v. Corley; 600 So.2d 908 (La. App. 4 Cir. 5/28/92), a husband appealed a district court judgment which ordered him to pay an increased child support award. This Court held, inter alia, that the trial court did not abuse its discretion in including private school tuition and summer camp expenses where the parties had agreed for the children to attend private schools.
In Broussard v. Broussard, 95-1996, (La.App. 4 Cir. 3/27/96), 672 So.2d 1016, this Court affirmed a district court’s judgment which ordered a father to pay half of his children’s parochial school tuition based upon supporting evidence that the children had traditional parochial school educations and had attended parochial schools their entire lives, with the exception of one semester.
Other circuits have also upheld support awards to maintain the consistency of a private school education. In Kelly v. Kelly, 99-2478 (La.App. 1 Cir. 12/22/00) 775 So.2d 1237, a father appealed a district court judgment which ordered him to pay 31% of his children’s private school tuition. The First Circuit concluded:
In the absence of an agreement by the parties, in order to warrant the inclusion *632 of private school tuition expenses in a child support award, some evidence must be presented to show a particular educational need of the child which is met by attendance at a private school. Campbell, 95-1711 at 11, 682 So.2d at 320. A particular | (¡educational need of a child to remain in private school includes consideration of the child’s history of attending a private school and whether a continuation of their education in that setting is in the child’s best interest. Buchert v. Buchert, 93-1819, p. 12 (La. App. 1st Cir.8/26/94), 642 So.2d 300, 307. Additionally, the jurisprudence has consistently found it to be in the best interest of the child to continue attending private schools if the child had attend [sic] private schools for years. Valure, 96-1684 at 4, 696 So.2d at 688; Trahan v. Panagiotis, 94-1281, p. 5-6 (La.App. 3rd Cir.4/5/95), 654 So.2d 398, 400-401, writ denied, 95-1720 (La.10/27/95), 661 So.2d 1350; Schulz v. Schulz, 630 So.2d 847, 850 (La.App. 4th Cir.1993); Widman v. Widman, 619 So.2d 632, 637 (La.App. 3rd Cir.1993); Corley, 600 So.2d at 909.
Kelly at 1245.
Although Kelly mentions a “particular educational need,” it is clear that the particular need in this instance refers to the consistency of the private school education.
Our review of the jurisprudence supports our conclusion that a child support award will be upheld upon a showing of consistent private school enrollment. Thus, a child support award specifying contribution to a child’s private school education, based upon a history of private school education, will not be disturbed unless the district court abuses its discretion in ordering the support award.
In the case at bar, Mr. Williams maintains that the addition of private school expenses to the child support obligation requires a showing of proof by the Mrs. Williams that a private school education meets the needs of his and Mrs. Williams’ minor child, Christy. However, based upon the current version of La. R.S. 9:315.6, as amended, it is evident that such proof is no longer required, as in the present case, if the child has consistently attended private schools.
|7Christy has attended private schools for her entire life. Our review of the record indicates that both Mr. Williams and Mrs. Williams worked two jobs to support their child, which included enrolling their child in a private school. The record also indicates that Mr. Williams customarily paid for Christy’s tuition, and maintained a second job to make ends meet, that is, until the Petition for Divorce was filed by Mrs. Williams. The record supports our conclusion that financing Christy’s education was a priority for both parents and up until the divorce was filed, both Mrs. Williams and Mr. Williams were steadfast in their commitment in having Christy benefit from a private school education.
Mr. Williams also argues that Mrs. Williams needs to provide additional supporting proof that Christy’s needs include a private school education. Considering the particular facts of this case, Christy’s history of attending private schools all of her life is enough proof. Mr. Williams, however, has not shown that enrolling Christy in a public school, thereby discontinuing her private school education at this late point in her schooling, is in her best interest.
Mr. Williams also suggests that Christy’s testimony at trial concerning her desire to attend public school should be considered in determining what concerns her best interests. However, Christy’s desire to attend a public school at this june- *633 ture,[2] after having been educated in private institutions for all of her life, may not be in her best interest.
| RSince tuition is required for Christy to continue her private school education, the district court did not abuse its discretion by including the private school tuition in the child support award.
Decree
Accordingly, and for the assigned reasons, we affirm the district court judgment, which included the private school tuition in the child support award. All costs are assessed to Mr. Williams.
AFFIRMED.

. In Schmidt, 839 So.2d 150, the issue in dispute partially concerned the application of La.R.S.9:335(B)(3) which provides:
(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order pro- ■ vides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
In the case at bar, this statute was not relevant. However, Schmidt did consider La. R.S 9:315(6) in reaching its conclusion in computing the total child support obligation.

. At the time this appeal was filed, Christy was enrolled in tenth grade at St. Mary’s Academy in New Orleans.