NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0862

JOHNNY GAUTHIER

VERSUS

JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF
LIVINGSTON PARISH, MAJOR STAN CARPENTER, DEPUTY JEFF
BEATTY, LEOLA EDWARDS, INVESTIGATOR BRETT SMITH,
INVESTIGATOR GREEN, BOBBY GAUTHIER,
AND WANDA GAUTHIER EDWARDS

*Judgment Rendered:* __JUL 2 3 2019__

* * * * * * * *

Appealed from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Case No. 154099

The Honorable M. Douglas Hughes, Judge Presiding

* * * * * * * *

Johnny Gauthier
Livingston, Louisiana

Plaintiff/Appellant
Pro Se

Cullen J. Dupuy
Druit G. Gremillion, Jr.
Katherine M. Cook
Baton Rouge, Louisiana

Counsel for Defendants/Appellees
Sheriff Jason Ard, Major Stan
Carpenter, Deputy Jeff Beaty

* * * * * * * *

BEFORE: GUIDRY, THERIOT, HOLDRIDGE,
CHUTZ, AND PENZATO, JJ.

**PENZATO, J.**

Plaintiff, Johnny Gauthier (referred to hereinafter as "Mr. Gauthier"), appeals a judgment granting peremptory exceptions of prescription and no cause of action filed by defendants Jason Gerald Ard, as Sheriff for the Parish of Livingston, Major Stan Carpenter, and Deputy Jeff Beatty (referred to collectively as "LPSO Defendants"), dismissing all of his claims against the LPSO Defendants with prejudice. For the following reasons, we affirm in part, vacate in part and amend, reverse in part, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On December 14, 2016, Mr. Gauthier filed a petition for damages for malicious prosecution. According to the petition, on November 14, 2013, Bobby Gauthier and Wanda Gauthier Edwards, Mr. Gauthier's siblings, filed a complaint against Mr. Gauthier with the Livingston Parish Sheriff's Office (LPSO) alleging theft of assets from an elderly person. The alleged victim of the theft was Hilda Gauthier, the mother of Bobby Gauthier, Wanda Gauthier Edwards, and Mr. Gauthier. According to the LPSO's narrative, which was attached to the petition, Bobby Gauthier and Wanda Gauthier Edwards alleged that Mr. Gauthier withdrew money from their mother's bank accounts without her permission. In his petition, Mr. Gauthier alleged that the entirety of the LPSO report consisted of self-serving hearsay and erroneous statements.

The petition further alleged that in December of 2013, Brett Smith and Ernest Green[1] of the Louisiana Department of Justice joined the investigation. Wanda Gauthier Edwards provided a timeline of events for Smith and Green's investigation, which was attached to the petition. Mr. Gauthier alleged that there were numerous factual misrepresentations contained in the statement prepared by Wanda Gauthier Edwards. Following the conclusion of Smith and Green's

---

[1] In the petition for damages, Ernest Green is identified simply as "Investigator Green."

investigation, on or about February 24, 2014, Smith obtained an arrest warrant for Mr. Gauthier on charges of theft of assets of an aged person and money laundering. Mr. Gauthier attached to the petition the summary report and affidavit prepared by Smith in support of the arrest warrant. Mr. Gauthier alleged in the petition that the affidavit contained erroneous factual assertions.

The criminal charges against Mr. Gauthier were ultimately dismissed by the District Attorney on December 14, 2015.[2] Following the dismissal of the criminal charges, Mr. Gauthier filed the petition for damages at issue herein on December 14, 2016, naming as defendants the LPSO Defendants, Leola Edwards, an employee of the Louisiana Council on Aging, Smith and Green, Bobby Gauthier and Wanda Gauthier Edwards, and Scott Perrilloux, District Attorney for Livingston Parish, alleging that the defendants' actions, whether independently or in concert with each other, met the requirements for malicious prosecution. In addition to malicious prosecution, the petition also generally alleged defamation and intentional infliction of emotional distress by all named defendants. According to the petition, the defendants "acted in concert and in accordance with their singular plan...whereby they could inflict public humiliation and disrepute upon [Mr. Gauthier] and thereby gain a pecuniary advantage for themselves." The petition further alleged that despite clear, present, and consistent knowledge of the falsity of the criminal allegations, all defendants refused to cease the criminal prosecution until a judge heard the sworn testimony of Hilda Gauthier and found there was no probable cause for Mr. Gauthier's prosecution.

---

[2] Although Mr. Gauthier's petition stated that the criminal charges were dismissed on December 13, 2015, the trial court later granted Mr. Gauthier's "Motion to Correct Typographical Error and Supplement Original Petition of Plaintiff," amending the petition to state that the criminal charges were actually dismissed on December 14, 2015.

On April 20, 2017, the LPSO Defendants filed peremptory exceptions of prescription and no cause of action.[3] The LPSO Defendants argued that Mr. Gauthier's petition alleged that the District Attorney dismissed all criminal charges against him on December 13, 2015, and because he did not file his petition until December 14, 2016, his claims had prescribed. With regard to the exception raising the objection of no cause of action, the LPSO Defendants argued that the petition made only a general, conclusory allegation that they conspired with the other defendants in order to bring about Mr. Gauthier's malicious prosecution but did not specify the actions taken by the LPSO Defendants. Without more specificity, the LPSO Defendants argued they were unable to reasonably defend against the claims.

On April 24, 2017, Mr. Gauthier filed a motion to correct his petition to allege that the criminal prosecution was dismissed on December 14, 2015, not December 13, 2015. This motion was granted by order signed April 26, 2017. Thereafter, he filed a memorandum in opposition to the exceptions, pointing out that since the trial court had signed an order amending the typographical error in his petition as to the date on which the criminal charges were dismissed, his petition was not subject to the exception of prescription. Regarding the exception of no cause of action, Mr. Gauthier argued that his criminal prosecution was a manipulation of the judicial system in which all the defendants knowingly participated and that the details were adequately relayed in the petition. In the alternative, he argued that he should be granted an opportunity to amend the original petition as it related to the LPSO Defendants. Although the LPSO Defendants filed a reply memorandum acknowledging the amendment and the fact

---

[3] Defendant Hon. Scott Perrilloux, District Attorney for the Parish of Livingston, filed a separate peremptory exception of no cause of action on April 27, 2017. This exception is the basis for the appeal in the companion case *Johnny Gauthier v. Jason Gerald Ard, Sheriff of Livingston Parish, et al.*, 2018-0861 (La.App. 1 Cir. __/__/__), ___ So.3d ___.

4

that the claim for malicious prosecution was not prescribed on its face, they argued that any other tort claims made by Mr. Gauthier would be prescribed.

Following a hearing on the exceptions, which Mr. Gauthier did not attend, the trial court granted the peremptory exceptions raising the objections of prescription and no cause of action and dismissed all of Mr. Gauthier's claims against the LPSO Defendants with prejudice. Mr. Gauthier filed a Motion for New Trial and to Vacate Judgment, in which he argued that his claims were not prescribed because the trial court had signed an order correcting the typographical error in his petition as to the date of dismissal of the criminal charges, and that he should have been given an opportunity to amend his petition to state a cause of action before his claims were dismissed. A hearing was held on Mr. Gauthier's motion, which he did not attend, and his motion was denied. Mr. Gauthier now appeals the judgment granting the exceptions of prescription and no cause of action and dismissing his claims against the LPSO Defendants with prejudice.[4]

## ASSIGNMENTS OF ERROR

On appeal, Mr. Gauthier argues that the trial court erred in granting the exception of prescription and in granting the exception of no cause of action without allowing him an opportunity to amend his petition.

## LAW AND DISCUSSION

### No Cause of Action

The peremptory exception of no cause of action questions whether the law affords any relief to the plaintiff if he proves the factual allegations in the petition and annexed documents at trial. *CamSoft Data Systems, Inc. v. Southern Electronics Supply, Inc.,* 2015-1260 (La.App. 1 Cir. 9/23/15), 182 So.3d 1009, 1015. For purposes of determining the issues raised by the exception of no cause of action, all well-pleaded facts in the petition must be accepted as true.

---

[4] The notice of appeal also references the judgment denying his motion to vacate judgment. Mr. Gauthier does not address this judgment in his brief.

Furthermore, the facts shown in any annexed documents must also be accepted as true. *Id.*

When considering the exception of no cause of action, the court must resolve any doubts in favor of the sufficiency of the petition; therefore, the question on appeal is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Stroscher v. Stroscher,* 2001-2769 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 523. Ordinarily, no evidence may be introduced to support or controvert the exception of no cause of action. The only documentary evidence that may be considered is that which has been annexed to the petition, unless the extraneous evidence is admitted without objection to enlarge the pleadings. *Woodland Ridge Association v. Cangelosi,* 94-2604 (La.App. 1 Cir. 10/6/95), 671 So.2d 508, 511.

The factual allegations of Mr. Gauthier's petition that relate to the LPSO Defendants are limited. The petition alleges that in October of 2013, Mr. Gauthier reported to Deputy Alton Taylor,[5] with the LPSO, that his mother, who lived with him at the time, was missing from the Community Center, where he had dropped her off to play bingo. Deputy Taylor telephoned Bobby Gauthier, who informed Deputy Taylor that Hilda Gauthier was with him and did not want to speak to Mr. Gauthier. Mr. Gauthier next alleges that on November 14, 2013, Bobby Gauthier and Wanda Gauthier Edwards filed a complaint with the LPSO alleging that Mr. Gauthier had stolen money from their mother. Mr. Gauthier alleged that the narrative report of the complaint contained "numerous misstatements of fact" and "omission of particularly salient facts exculpatory to Johnny" by Bobby Gauthier and Wanda Gauthier Edwards. The petition also generally alleged that the LPSO Defendants and the other defendants "conspired together to falsely report and allege false, purported criminal misconduct in an effort to cause and effect [Mr.

---

[5] Deputy Taylor is not a party to this suit.

6

Gauthier's] malicious prosecution." The petition contains no specific allegations of actions or omissions by the LPSO Defendants. We find the facts in the petition insufficient to support a cause of action against the LPSO Defendants.

The trial court was silent on the question of whether Mr. Gauthier should be allowed an opportunity to amend his petition in order to state a cause of action. The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Harris v. Breaud*, 2017-0421 (La.App. 1 Cir. 2/27/18), 243 So.3d 572, 581. When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934.

If a petition's allegations are merely conclusory and fail to specify the acts that establish a cause of action, then the trial court should permit plaintiff the opportunity to amend the petition. *Badeaux v. Southwest Computer Bureau, Inc.*, 2005-0612 (La. 3/17/06), 929 So. 2d 1211, 1219. In this case, we are not prepared to find as a matter of law that the basis for the LPSO Defendants' objection to Mr. Gauthier's petition cannot be removed by amendment of the petition. Therefore, we conclude that the trial court committed an abuse of its discretion and legal error in failing to allow Mr. Gauthier to amend his petition to remove the grounds of the objection and will allow amendment of the petition in accordance with La. C.C.P. art. 934. See *Ramey v. DeCaire*, 2003-1299 (La. 3/19/04), 869 So. 2d 114, 119-20.

**Prescription**

Mr. Gauthier argues that the trial court erred in granting the LPSO Defendants' exception of prescription, since the trial court signed an order correcting the date of dismissal of criminal charges alleged in his petition. A claim for malicious prosecution is subject to the one-year liberative prescription period for delictual actions; however, the cause of action arises, and prescription begins to

run, only after the underlying prosecution is dismissed or terminated. *Warren v. Board of Supervisors of Louisiana State University and Agricultural and Mechanical College*, 2014-0310 (La.App. 1 Cir. 11/20/14), 168 So.3d 436, 438, writ denied, 2015-0068 (La. 4/2/15), 163 So.3d 795. Thus, since Mr. Gauthier's petition was filed exactly one year after the dismissal of the criminal charges, his claim for malicious prosecution was not prescribed, and the trial court erred in granting the LPSO Defendant's exception of prescription. We pretermit any discussion of the LPSO Defendants' argument that any other tort claims made by Mr. Gauthier would be prescribed as we have allowed amendment of the petition.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the Twenty-First Judicial District Court insofar as it sustained the exception raising the objection of prescription. We affirm the judgment insofar as it sustained the exception raising the objection of no cause of action, but vacate the dismissal of Johnny Gauthier's claims against Jason Gerald Ard as Sheriff for the Parish of Livingston, Major Stan Carpenter, and Deputy Jeff Beatty, and amend the judgment in part to provide that the trial court allow Johnny Gauthier a reasonable period of time within which to amend his petition to state a cause of action against Jason Gerald Ard as Sheriff for the Parish of Livingston, Major Stan Carpenter, and Deputy Jeff Beatty. The matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed equally, one-half against Johnny Gauthier, and one-half against Jason Gerald Ard as Sheriff for the Parish of Livingston, Major Stan Carpenter, and Deputy Jeff Beatty.

**AFFIRMED IN PART; VACATED IN PART AND AMENDED; REVERSED IN PART; AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 0862

JOHNNY GAUTHIER

VERSUS

JASON GERALD ARD, IN HIS CAPACITY AS SHERIFF OF
LIVINGSTON PARISH, MAJOR STAN CARPENTER, DEPUTY JEFF
BEATTY, LEOLA EDWARDS, INVESTIGATOR BRETT SMITH,
INVESTIGATOR GREEN, BOBBY GAUTHIER,
AND WANDA GAUTHIER EDWARDS

**THERIOT, J. dissenting and assigning reasons.**

I disagree with the majority's conclusion that the trial court abused its discretion in not allowing Mr. Gauthier an opportunity to amend his petition to attempt to state a cause of action. The decision to permit an amendment is within the sound discretion of the trial court and will not be disturbed absent a showing of manifest error or abuse of discretion.[1] A trial court is not required to allow amendment of the pleadings where the grounds for the objection of no cause of action cannot be removed by amendment, so that amendment would constitute a vain and useless act. *Sivils v. Mitchell*, 96-2528, p. 5 (La.App. 1 Cir. 11/7/97), 704 So.2d 25, 28; *Crutcher-Tufts Res., Inc. v. Tufts*, 2007-1556, p. 2 (La.App. 4 Cir. 9/17/08), 992 So.2d 1091, 1093, n. 1, *writ denied*, 2008-2677 (La. 1/16/09), 998 So.2d 105. After reviewing the numerous exhibits annexed to Mr. Gauthier's original petition, much of the factual material in which was not included in the allegations of the

---

[1]An abuse of discretion occurs if the court was arbitrary or capricious in its decision. "Capricious" means the entry of judgment with no substantial evidence to support it or a conclusion contrary to substantiated competent evidence, while "arbitrary" implies a disregard of evidence or the proper weight thereof. *Williams v. Williams*, 2004-1624, p. 3 (La. App. 4 Cir. 3/16/05), 899 So. 2d 628, 630.

petition, I do not believe it was an abuse of the trial court's sound discretion to conclude that Mr. Gauthier would be unable, if given the opportunity, to amend his pleadings to state a cause of action. The only exhibits relevant to the LPSO Defendants are: a notarized demand letter from Hilda Gauthier to Johnny Gauthier, which included a photocopy of Deputy Beatty's business card; an LPSO report on the November 14, 2013 complaint made to Deputy Beatty by Bobby and Wanda Gauthier Edwards, which noted that a request had been submitted to the Louisiana State Police to search for the missing funds; and Smith's March 14, 2014 investigative report, which contained a statement that LPSO had requested the Department of Justice investigate the complaint made against Mr. Gauthier. These exhibits show the LPSO Defendants acting in the course and scope of their lawful powers and duties, for which they are immune from suit under La. R.S. 9:2798.1.[2] Thus, I disagree that the trial court abused its discretion in failing to provide Mr. Gauthier an opportunity to amend his petition in order to state a cause of action, and for that reason, I respectfully dissent.

---

[2] Louisiana Revised Statutes 9:2798.1 provides immunity from liability for the policymaking or discretionary acts of public entities, their officers, or their employees when such acts are within the course and scope of their lawful powers and duties. Exceptions to this general rule are acts and omissions not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists, or acts and omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant conduct. La. R.S. 9:2798.1(C). The LPSO Defendants are officers or employees of public entities.

2