OBIANUJU T. OBI

VERSUS

MADUABUCHI O. ONUNKWO

NO. 23-CA-116

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 74,551, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

December 06, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst

<u>**AFFIRMED IN PART, REVERSED IN PART**</u>
    **JGG**
    **FHW**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
OBIANUJU T. OBI
    Richard L. Ducote

COUNSEL FOR DEFENDANT/APPELLANT,
MADUABUCHI O. ONUNKWO
    Mark D. Plaisance
    Marcus J. Plaisance

**GRAVOIS, J.**

In this child custody dispute, defendant/appellant, Maduabuchi O. Onunkwo, appeals a trial court judgment which designated plaintiff/appellee, Obianuju T. Obi, as domiciliary parent and cast Mr. Onunkwo with all court costs and $1,000.00 in attorney's fees. For the reasons that follow, we affirm the trial court's judgment awarding domiciliary status and court costs to Ms. Obi; however, we reverse the portion of the judgment that awards $1,000.00 in attorney's fees to Ms. Obi.

## FACTS AND PROCEDURAL HISTORY

Obianuju T. Obi and Maduabuchi O. Onunkwo were married on February 18, 2012 in Nigeria. Their triplet daughters were born on November 12, 2015, and their son was born on August 11, 2017.

On October 4, 2019, Ms. Obi filed a petition and order for protection from abuse under La. R.S. 46:2131, *et seq.*, alleging that Mr. Onunkwo punched her in the eye and arms in their home at 111 Derek Lane in Laplace, Louisiana, on May 15, 2019. The trial court granted Ms. Obi a temporary restraining order and temporary custody of the children. Following a hearing on December 6, 2019, a consent judgment was signed on January 3, 2020, dismissing the temporary restraining order, granting a civil injunction restraining Mr. Onunkwo from abusing and contacting Ms. Obi, granting Ms. Obi exclusive use of the property located in Laplace, granting Mr. Onunkwo physical custody of the minor children every other weekend, and ordering Mr. Onunkwo to attend counseling.

On May 28, 2020, Ms. Obi filed a petition for divorce. In response, Mr. Onunkwo filed an answer and reconventional demand. The divorce was granted on October 7, 2020.

On October 12, 2020, the trial court signed an "Interim Judgment and Consent Judgment" regarding custody. In the consent judgment, the parties agreed

to joint custody of the children. In the interim judgment, the court ordered that Mr. Onunkwo be granted physical custody of the children every Tuesday at 3:00 p.m. until Thursday at 9:00 a.m., as well as every other weekend. In response, Ms. Obi filed a motion for a new trial, arguing that she never consented either on or off the record to the terms of the consent judgment. The motion for a new trial was granted, and the parties were directed to continue to operate in accordance with the interim judgment of October 12, 2020 regarding Mr. Onunkwo's physical custody schedule. Mr. Onunkwo sought this Court's supervisory review of the trial court's judgment granting the motion for a new trial, and this Court denied the writ application. *See Obi v. Onunkwo*, 21-11 (La. App. 5 Cir. 2/23/21) (unpublished writ disposition).

On April 15, 2021, Ms. Obi filed a motion for final periodic spousal support and for sole custody of the children and other incidental relief. Ms. Obi argued that she should be granted sole custody of the children pursuant to La. R.S. 9:341 and the Post-Separation Family Violence Relief Act, La. R.S. 9:361-367. She asserted that Mr. Onunkwo perpetrated numerous acts of domestic abuse and violence against her, often in the children's presence. She argued that because of his history of domestic violence, under the Post-Separation Family Violence Relief Act, Mr. Onunkwo is liable for her attorney's fees, court costs, and all costs of therapy and treatment necessitated by his domestic violence.

On April 29, 2022, Mr. Onunkwo filed a motion to set joint custody, domiciliary status, and joint custody implementation pursuant to La. R.S. 9:335. Mr. Onunkwo argued that it was in the best of interest of the children that the parties have joint custody. Further, he sought to be designated as domiciliary parent due to Ms. Obi's refusal to coparent, constant efforts to alienate the children from their father, and her unwillingness to facilitate and encourage a close and continuing relationship between Mr. Onunkwo and the children.

On August 2, 2022, Mr. Onunkwo also filed a petition for preliminary injunction and request for temporary restraining order, seeking to prohibit Ms. Obi from removing and un-enrolling the children from their school, Harold Keller Elementary School. Mr. Onunkwo alleged that Ms. Obi informed him on July 12, 2022 that she intended to send their son to private school in Laplace, rather than Harold Keller Elementary School where the triplets attended school, and she intended to move the triplets as well. Mr. Onunkwo told Ms. Obi he was not agreeable to the children changing schools. On July 21, 2022, Ms. Obi told Mr. Onunkwo that she had un-enrolled the triplets from Harold Keller Elementary School and enrolled them at Lake Pontchartrain Elementary in Laplace.

On August 23 and 24, 2022, a trial on the merits was held regarding Ms. Obi's motion for final periodic spousal support[1] and for sole custody of the children and other incidental relief, Mr. Onunkwo's petition for preliminary injunction and request for temporary restraining order, and Mr. Onunkwo's motion to set joint custody, domiciliary status, and joint custody implementation order pursuant to La. R.S. 9:335. In a written judgment signed on October 27, 2022, the trial court denied Ms. Obi's request for sole custody and granted the parties joint custody of the children. The trial court designated Ms. Obi as primary domiciliary parent. The trial court set out a schedule for physical custody of the children, which allowed Mr. Onunkwo physical custody of the children every other weekend during the school year and every other week during the summer. The parties were ordered to communicate with each other as to the health, education, and welfare of the children and visitation exchanges. Mr. Onunkwo was cast with "all court costs" and ordered to pay $1,000.00 towards Ms. Obi's attorney's fees. The trial court denied Mr. Onunkwo's request for a preliminary and permanent injunction.

---

[1] The issue of spousal support was ultimately not addressed at trial.

In its written reasons for judgment, the trial court stated that sole custody was not warranted under the Post-Separation Family Violence Relief Act, and custody would be awarded in accordance with the best interest of the children. The trial court noted that the children reside in Laplace with Ms. Obi where they attend school. The trial court stated that the children living and going to school in Laplace necessitates a schedule which is prudent for the advancement of their education, and the schedule it set forth is practical and reasonable. Regarding costs, the trial court stated that because it did not find a history of domestic violence under the Post-Separation Family Violence Relief Act, costs for therapy and any treatment necessitated by any domestic violence committed by Mr. Onunkwo was inapplicable. However, the trial court found that it was equitable to assess all court costs and $1,000.00 in attorney's fees to Mr. Onunkwo. This appeal followed.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, Mr. Onunkwo challenges the trial court's ruling designating Ms. Obi as the primary domiciliary parent. He contends that Ms. Obi failed to prove under La. C.C. art. 134 that it was in the children's best interest that she be named domiciliary parent. Mr. Onunkwo argues that the trial court erred in naming Ms. Obi domiciliary parent when she unilaterally moved the children to a different school in a different city. He argues that she did not consult him, and the new schools she chose are not superior to where the children previously attended.

It is well settled that the paramount consideration in any determination of child custody is the best interest of the child. *See Tracie F. v. Francisco D.*, 15-1812 (La. 3/15/16), 188 So.3d 231, 238-39; *E. R. v. T. S.*, 18-286 (La. App. 5 Cir. 10/11/18), 256 So.3d 551, 557, *writ denied*, 18-1843 (La. 2/18/19), 264 So.3d 451.

La. C.C. art. 134 sets out the following non-exclusive factors for the court to consider in awarding custody:

(1)   The potential for the child to be abused, as defined by Children's Code Article 603, which shall be the primary consideration.

(2)   The love, affection, and other emotional ties between each party and the child.

(3)   The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(4)   The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(5)   The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(6)   The permanence, as a family unit, of the existing or proposed custodial home or homes.

(7)   The moral fitness of each party, insofar as it affects the welfare of the child.

(8)   The history of substance abuse, violence, or criminal activity of any party.

(9)   The mental and physical health of each party. Evidence that an abused parent suffers from the effects of past abuse by the other parent shall not be grounds for denying that parent custody.

(10)  The home, school, and community history of the child.

(11)  The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(12)  The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party, except when objectively substantial evidence of specific abusive, reckless, or illegal conduct has caused one party to have reasonable concerns for the child's safety or well-being while in the care of the other party.

(13)  The distance between the respective residences of the parties.

(14)  The responsibility for the care and rearing of the child previously exercised by each party.

The trial court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. *Robertson v. Robertson*, 10-926 (La. App. 5 Cir.

4/26/11), 64 So.3d 354, 363. The trial court is not required to provide a literal articulation of each of the factors of La. C.C. art. 134 in reaching its conclusion regarding the best interest of the children, nor is the trial court required to specifically explain its weighing and balancing of the Article 134 factors. *Manno v. Manno*, 49,533 (La. App. 2 Cir. 11/19/14), 154 So.3d 655, 663. Every child custody case must be viewed based on its own particular facts and relationships involved, with the goal of determining what is in the best interest of the child. *Mulkey v. Mulkey*, 12-2709 (La. 5/7/13), 118 So.3d 357, 367.

A trial court's determination in a child custody case will not be disturbed unless there is a clear abuse of discretion. *Randazza v. Giacona*, 20-439 (La. App. 5 Cir. 3/24/21), 316 So.3d 564, 568; *Schmidt v. Schmidt*, 02-885 (La. App. 5 Cir. 1/14/03), 839 So.2d 150, 152. Additionally, it is well-settled that an appellate court cannot set aside the family court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *See Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*

When joint custody is decreed, the court shall designate a domiciliary parent, defined as "the parent with whom the child shall primarily reside," and who has "authority to make all decisions affecting the child unless an implementation order provides otherwise." La. R.S. 9:335(B)(2)-(3); *McCaffery v. McCaffery*, 13-692 (La. App. 5 Cir. 4/9/14), 140 So.3d 105, 115, *writ denied*, 14-0981 (La. 6/13/14), 141 So.3d 273. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. La. R.S. 9:335(B)(3).

At trial, Ms. Obi testified that she met Mr. Onunkwo in Nigeria, and they moved to the United Stated in 2012. They have four children together. From the time the children were born until the parties separated, Ms. Obi did "most of the things" as it related to the children, including feeding them, handling their activities, medical and dental appointments, schooling, summer camps, and piano lessons. She stated that Mr. Onunkwo worked a lot during this time. After the triplets were born, he worked from home, so he helped with their bathing and feeding. Her family would also help. After the separation, Ms. Obi continued in the same role regarding her care of the children. She testified that they pray together, do story time, exercise, cook, bake, paint, play, read, and swim. While with her, the children completed a summer reading program at the library. She stated that the children communicate freely with her and talk to her about how they feel and about things going on around them. When it is time for the children to go to their dad's, they often hide because they do not want to go. She admitted that Mr. Onunkwo has been diligent about keeping his schedule with the children.

Ms. Obi testified that she currently resides in Laplace. The triplets go to school at Lake Pontchartrain Elementary in Laplace, and their son goes to St. Joan of Arc in Laplace through the Louisiana Department of Education voucher program. The triplets had previously been enrolled at Lake Pontchartrain Elementary before Hurricane Ida hit. In July 2022, she pulled the children out of their school in Jefferson Parish and moved them to school in Laplace. She let defendant know, but she did not ask him. She said she tried to get the children into St. Joan of Arc in previous years and told Mr. Onunkwo she would keep trying. She always tried to "carry him along" with decisions; however, he often would not cooperate, and it was difficult to communicate with him. Ms. Obi also testified to different acts of violence she alleges Mr. Onunkwo committed against her.

Mukosolu Florence Obi, Ms. Obi's sister, testified that she often came and stayed with the parties during her school breaks. Since the separation, Florence has visited her sister. She said Ms. Obi is exceptional with the children's care and believed that the children feel safer, more comfortable, and relaxed with Ms. Obi. Ms. Obi has them involved in multiple activities including reading at the library, playing sports, and swimming.

Mr. Onunkwo is a database management specialist with the U.S. Navy who works from home. He currently lives in Metairie. He testified that he started working full time from home once the triplets were born, and this allowed him to help around the house, feed and bath the children, and change their diapers. He was involved in picking the children's pediatrician and went to their appointments. In 2018, Ms. Obi worked overnight at University Medical Center and also attended classes at Southern University at New Orleans. While she was out of the house, he cared for the children.

Mr. Onunkwo testified that the triplets started kindergarten at Lake Pontchartrain Elementary in 2021. However, soon after they started there, Hurricane Ida hit and damaged the home in Laplace where Ms. Obi and the children resided. The triplets then attended Harold Keller Elementary School in Metairie. Mr. Onunkwo testified that he messaged Ms. Obi about their son's schooling, and she responded that he received a scholarship to St. Joan of Arc. He did not know she applied for the scholarship. He thought it was better for their son to join the triplets at Harold Keller Elementary School. Ms. Obi subsequently sent him a message to tell him that she had withdrawn the triplets from Harold Keller Elementary School. Mr. Onunkwo was not asked what he thought about the children moving schools, and Ms. Obi never told him she was moving back to Laplace. He stated that he wanted the children to stay where they were because it

was a better school district and because they were familiar with the teachers and had friends at the school.

Mr. Onunkwo testified that he has been consistent with his schedule when having the children and never missed time with them. When he has the children, they celebrate their birthdays, go to the park, play soccer, go to the playground, sing, do karaoke in the house, dance, and study. He takes them to the doctor and dentist. He provides financially. He said he has an awesome relationship with the children, and they never want to leave his house when it's time for them to go with Ms. Obi. He disciplines them by redirecting them. He testified that the children would benefit more from him being named the domiciliary parent since he is a registered nurse, communicates with Ms. Obi about the children, is more interested in their education, and is always there for the children.

Mr. Onunkwo testified that he has never hit any of his children, and he has never been physical with Ms. Obi.

Upon review, we find that the evidence supports the trial court's decision to name Ms. Obi as domiciliary parent. Though Mr. Onunkwo asserts on appeal that Ms. Obi did not present any evidence in support of the factors set out in La. C.C. art. 134, we disagree. Ms. Obi testified at trial that she has done "most of the things" regarding caring for the children since their birth. She described that she manages the children's activities, their medical and dental appointments, schooling, summer camps, and piano lessons. She testified that they pray together, do story time, exercise, cook, play, read, swim, and participate in summer reading programs. She explained that the children communicate freely with her. Since the initial separation in 2019, the children have lived with her except for Tuesday and Wednesday nights and every other weekend. The testimony at trial revealed that Ms. Obi and the children were living in Laplace until their home was damaged by Hurricane Ida. The triplets originally attended Lake Pontchartrain Elementary, but

due to Hurricane Ida, moved schools. Ms. Obi now lives in Laplace where all the children are currently enrolled in school. Based on the evidence presented, we cannot say that the trial court was manifestly erroneous or clearly wrong in its factual determination that it is in the best interest of the children to designate Ms. Obi as domiciliary parent. This assignment of error is without merit.

**ASSIGNMENT OF ERROR NUMBER TWO**

In his second assignment of error, Mr. Onunkwo argues that the trial court erred in assessing him with all court costs and $1,000.00 in attorney's fees. He argues that because the trial court failed to designate the court costs and because the positive law does not allow him to be cast with costs, the trial court erred in casting him with all court costs. Additionally, he asserts that attorney's fees are only recoverable where specifically authorized by statute or contract. Because the trial court did not find a history of domestic abuse, he argues that he cannot be cast with the payment of Ms. Obi's attorney's fees pursuant to La. R.S. 9:367.[2]

In her motion for final periodic spousal support and for sole custody of the children and other incidental relief, Ms. Obi asserted that pursuant to the Post-Separation Family Violence Relief Act and Mr. Onunkwo's history of domestic violence and abuse committed against Ms. Obi, Mr. Onunkwo is liable for all of Ms. Obi's attorney's fees, court costs, and all costs of therapy and treatment necessitated by his domestic violence. In its written judgment, the trial court cast Mr. Onunkwo with all court costs and $1,000.00 in attorney's fees. In its written reasons for judgment, the trial court stated:

> "Courts may render judgment for costs ... against any party, as it may consider equitable." La. C.C.P. art. 1920. Plaintiff requests that

---

[2] La. R.S. 9:367 provides:

In any family violence case, all court costs, attorney fees, costs of enforcement and modification proceedings, costs of appeal, evaluation fees, and expert witness fees incurred in furtherance of this Part shall be paid by the perpetrator of the family violence, including all costs of medical and psychological care for the abused spouse, or for any of the children, necessitated by the family violence.

Defendant be casts [*sic*] with all of her Attorney's fees, court costs, and all costs of therapy and treatment necessitated by domestic violence committed by him. This Court has not found a history of domestic violence under the Post-Separation Family Violence Relief Act. La. R.S. 9:346, *et seq*. Therefore, costs under certain provisions of said act are inapplicable. However, this Court finds it equitable to assess all court costs and $1000 in attorneys [*sic*] feed [*sic*] to Mr. Onunkwo.

Under Louisiana law, attorney's fees are recoverable only where specifically authorized by statute or contract. *LaRocca v. Louisiana Motor Vehicle Comm'n*, 22-197 (La. App. 5 Cir. 5/10/23), 364 So.3d 1246, 1269; *Hoffman v. 21st Century North America Ins. Co.*, 14-2279 (La. 10/2/15), 209 So.3d 702, 707. Because the trial court did not find that there was a history of domestic violence under the Post-Separation Family Violence Relief Act, La. R.S. 9:346, *et seq.*, there was no statutory basis for Ms. Obi to recover attorney's fees. Accordingly, we find that the trial court erred in ordering that Mr. Onunkwo pay $1,000.00 toward Ms. Obi's attorney's fees.[3]

Louisiana Code of Civil Procedure article 1920 provides:

Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.

Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.

Louisiana Code of Civil Procedure article 1920 affords the trial court broad discretion in assessing court costs and allows the trial court to render judgment for costs against any party as it may consider equitable. *Riley v. Hollander*, 19-520 (La. App. 5 Cir. 5/28/20), 296 So.3d 1248, 1259, *writ denied*, 20-833 (La. 10/14/20), 302 So.3d 1123. A trial court's assessment of costs can be reversed by an appellate court only upon a showing of abuse of discretion. *Id*. Upon review of

---

[3] In her appellate brief, Ms. Obi acknowledges that "the $1000 attorney's fee award likely lacked statutory or jurisprudential authority."

the record, on the showing made, we cannot conclude that the trial court abused its broad discretion in ordering that Mr. Onunkwo pay all court costs.

## DECREE

For the foregoing reasons, the trial court's October 27, 2022 judgment naming Ms. Obi as domiciliary parent and awarding court costs to Ms. Obi is affirmed; however, the portion of the judgment that ordered Mr. Onunkwo to pay $1,000.00 in attorney's fees to Ms. Obi is reversed.

**AFFIRMED IN PART, REVERSED IN PART**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 6, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-116

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
RICHARD L. DUCOTE (APPELLEE)          VICTORA MCINTYRE (APPELLEE)          MARK D. PLAISANCE (APPELLANT)

**MAILED**
MARC D. WINSBERG (APPELLANT)          MARCUS J. PLAISANCE (APPELLANT)
SARA G. FORD (APPELLANT)              ATTORNEY AT LAW
ATTORNEY AT LAW                       POST OFFICE BOX 1123
650 POYDRAS STREET                    PRAIRIEVILLE, LA 70769
SUITE 2050
NEW ORLEANS, LA 70130